```
David A. Tilem (SB # 103825)
LAW OFFICES OF DAVID A. TILEM
206 N. Jackson Street, Suite 201
Glendale, California 91206
Tel: 888-257-7648 * 818-507-6000
      Fax:(818) 507-6800
DavidTilem@TilemLaw.com

Attorneys for Debtor
```

FILED & ENTERED

JUN 18 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY ghaltchi   DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

CHANGES MADE BY COURT

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>**DANA HOLLISTER**<br><br>                Debtor. | Case No. 2:18-bk-12429-NB<br><br>Chapter 11<br><br>**ORDER ~~GRANTING~~ TEMPORARILY DENYING DEBTOR'S MOTION FOR ORDER AUTHORIZING USE OF ESTATE PROPERTY NOT IN THE ORDINARY COURSE OF BUSINESS TO CAUSE BRIDGE TAVERN, LLC TO SELL ALL ASSETS (DOCKET #112)**<br><br>Date: June 12, 2018<br>Time: 3:00 p.m.<br>Ctrm: 1545 |

   Debtor's motion for an Order authorizing use of property of the estate not in the ordinary course of business to cause Bridge Tavern, LLC to sell all assets <u>(dkt. 112) (the "Bridge Sale Motion")</u> came on for hearing at the date, time and place set forth above <u>(but see paragraph 4.5 below)</u>.

   David A. Tilem appeared on behalf of the Debtor-in-Possession.  David L. Neale of Levene, Neale, Bender, Yoo &

Brill, LLC appeared on behalf of the Official Committee of Unsecured Creditors. Amir Gamliel of Perkins Coie LLP appeared on behalf of landlord Odyssesus Investment Group, LLC. Other appearances are as noted on the record.

After consideration of the moving and responding papers (dkt. 112, 140, 269, 287), the arguments of counsel and good cause appearing therefor, this Court orally granted the motion at the above-captioned hearing (but see paragraph 4.5 below). Since that time this Court has learned troubling information at a hearing on June 13, 2018, on the related motion to assume and assign the associated lease (dkt. 187). Contrary to the debtor's representation that "[a]t no time has Ms. Haro acted as a dual agent for buyer and seller in connection with any transaction for the Debtor" (dkt. 222, p. 16:16-18), the documentary evidence (dkt. 112, p. 23, and dkt. 187, p. 51) shows that Ms. Haro was and still is acting as a dual agent. Accordingly, the oral ruling is hereby VACATED and instead **IT IS HEREBY ORDERED:**

1. The Bridge Sale ~~m~~Motion is NOT granted.

2. Debtor is NOT authorized to use her equity control over Bridge Tavern, LLC to cause the entity to sell its assets.

3. Debtor is NOT authorized~~, but not required,~~ to use her equity control over Bridge Tavern, LLC to cause the entity to wind up its affairs.

3.5 As orally ordered at the hearing on June 13, 2018, counsel for the debtor is directed to file supplemental papers (as specified at that hearing) to arrange for *separate representation* of (a) the proposed seller/assignor of the lease (*i.e.,* the debtor and/or Bridge Tavern, LLC) and (b) the proposed buyer/assignee of the lease. Then counsel for the debtor is

2

<u>directed to lodge a proposed amended order authorizing the employment of Ms. Haro/Urbanlime (*see* dkt. 253).  **If** this Court is persuaded, this Court will issue an order authorizing the continued employment of Haro/Urbanlime.</u>

4. The Court is aware that the proposed sale authorized in this Order is contingent upon Debtor's obtaining a separate Order from the Court granting Debtor's pending motion (Docket #187) seeking leave to assume and assign the lease for the real property on which Bridge Tavern, LLC conducts its business.  This Order should not be construed as authorizing either assumption or assignment of that lease.

<u>4.5  This Court is also aware that the debtor has filed a motion for (retroactive) authorization to reopen the business (Villain's Restaurant) conducted by Bridge Tavern, LLC (dkt. 214, the "Bridge Reopening Motion"). This Court's preliminary review of the records of the June 12, 2018 hearing suggest that although both the Bridge Reopening Motion and the Bridge Sale Motion were supposed to have been on the calendar for that day, and although this Court believed it was orally granting both motions, technically that might not be so.  The debtor is directed to file a notice of a continued hearing on June 20, 2018 at 10:00 a.m. to consider both motions.  That notice must have a copy of this order attached as an exhibit.  The debtor is further directed to serve that notice on all persons who appeared at the hearing on June 12, 2018, including the proposed buyers/assignees, via expedited service (including NEF service) for delivery no later than June 18, 2018.</u>

*//*

5. If the sale is <u>orally re-authorized at that hearing on June 20, 2018, the debtor is directed to lodge separate orders granting the Bridge Reopening Motion and the Bridge Sale Motion. The Bridge Sale Motion should include a provision that if the sale thereafter is</u> consummated as authorized, those obligations disclosed to the Court in Docket #304 (p. 4) may be paid. <u>But any payments to Mr. Garrison (*see* Application to Employ, docket #224) must be held in a separate account and will be subject to a later fee application, opportunity to object, and Court review.</u> All remaining net proceeds are to be held by the Debtor in a segregated debtor-in-possession account and held pending further Order of the Court.

###

Date: June 18, 2018

Neil W. Bason
United States Bankruptcy Judge

4