1  Alan G. Tippie (CA State Bar No. 89587)
      *atippie@sulmeyerlaw.com*
2  Mark S. Horoupian (CA Bar No. 175373)
      *mhoroupian@sulmeyerlaw.com*
3  Steven F. Werth (CA State Bar No. 205434)
      *swerth@sulmeyerlaw.com*
4  **Sulmeyer**Kupetz
   A Professional Corporation
5  333 South Grand Avenue, Suite 3400
   Los Angeles, California 90071
6  Telephone: 213.626.2311
   Facsimile: 213.629.4520
7
   Attorneys for Dean G. Rallis Jr., Agent
8
9              UNITED STATES BANKRUPTCY COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                 LOS ANGELES DIVISION

12  In re                                    Case No. 2:18-bk-12429-NB

13  DANA HOLLISTER,                          Chapter 11

14         Debtor.                           **AGENT'S MOTION FOR ORDER: (1)
                                             AUTHORIZING SALE OF ESTATE'S
15                                           INTEREST IN PERSONAL PROPERTY
                                             (RESTAURANT EQUIPMENT) OUT OF THE
16                                           ORDINARY COURSE OF BUSINESS, FREE
                                             AND CLEAR OF ALL LIENS, CLAIMS AND
17                                           INTERESTS WITHOUT OVERBID; (2)
                                             DETERMINING THAT BUYER IS A GOOD
18                                           FAITH PURCHASER; AND (3) WAIVING
                                             THE FOURTEEN (14) DAY STAY
19                                           PRESCRIBED BY RULE 6004(h) OF THE
                                             FEDERAL RULES OF BANKRUPTCY
20                                           PROCEDURE; MEMORANDUM OF POINTS
                                             AND AUTHORITIES; DECLARATIONS OF
21                                           DEAN G. RALLIS JR. AND ALFRED M.
                                             MASSE**
22
23                                           [11 U.S.C. §§ 363(b)(1), 541; Fed. R. Bankr. P. 6004;
                                             Loc. Bankr. R. 9013-1(o)(1)]
24
                                             {No Hearing Required Unless Requested}
25
26
27
28

SFW\ 2656928.3

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1    **TO THE HONORABLE NEIL R. BASON, UNITED STATES BANKRUPTCY JUDGE,**

2    **THE DEBTOR AND ITS COUNSEL, THE OFFICE OF THE UNITED STATES TRUSTEE,**

3    **AND PARTIES ENTITLED TO NOTICE**:

4        Dean G. Rallis Jr. ("Agent"), Court-appointed agent of the above-captioned debtor Dana

5    Hollister ("Debtor") for the purposes set out in this Court's order entered July 25, 2018 (Docket No.

6    528), hereby moves this Court for an order approving the sale of certain restaurant equipment

7    currently located at Villain's Tavern, 1356 Palmetto Street, Los Angeles California, which is more

8    specifically described in the attached **Exhibit 1** (the "Property").  The Agent seeks to sell ("Sale")

9    the Debtor's estate's ("Estate") interest in the Property to Kohn-Megibow Company, or its assignee

10    ("Buyer").

11        The Buyer has offered to purchase the Property for $9,000 ("Purchase Price") payable

12    within ten (10) days of the entry of an order approving this Sale.  The Agent is providing notice of

13    the Motion to all parties in this case, with a 17-day opportunity to object to the Sale.  Should any

14    party approach the Agent during this time offering to acquire the Property for more than the

15    Purchase Price, the Agent may determine that such offer is a higher and better offer than that of the

16    Buyer.  As such, by the Motion, Agent seeks to sell the Property to (1) the Buyer, or (2) such other

17    party as may offer to purchase the Property, in the 17-day period after the date notice of this Motion

18    was given, in an amount which the Agent believes in his sole discretion to be a higher and better

19    offer for the Property.

20        This Motion is made pursuant to 11 U.S.C. § 363(b)(1), 11 U.S.C. § 365, and Federal Rules

21    of Bankruptcy Procedure 6004 and 9019 on the grounds that, based on the Agent's sound business

22    justification, the Sale is in the best interests of the Estate.  The Agent, through the Debtor, has

23    engaged in negotiations with Buyer regarding the Sale, and the Buyer's current offer of $9,000 is

24    the highest and best offer the Agent has received for the Property to date.  The Property is being

25    sold free and clear of liens, claims, and interests, with any such liens, claims, and interests (if any)

26    to attach to the proceeds of the Sale.

27        This Motion is based on the accompanying Memorandum of Points and Authorities, the

28    attached declarations of Dean G. Rallis Jr. and Alfred Masse, the concurrently-filed Local Rule

Form 6004-2, the record in this case, all facts and documents that are judicially noticeable and any other or further evidence or argument presented to the Court prior to or at the hearing on the Motion.

**WHEREFORE**, the Agent respectfully requests that this Court enter an order:

1.    Authorizing the Agent to sell the Estate's interest in the Property for $9,000 to the Buyer, or such other party as may make a higher and better offer for the Property without further order of the Court;

2.    Finding the Sale is free and clear of all liens, claims and interests, if any, and to transfer any such liens to the sale proceeds;

3.    Finding that the Buyer is a good faith purchaser as described in 11 U.S.C. § 363(m);

4.    Waiving the fourteen-day stay period provided under FRBP 6004(h);

5.    Finding that the Purchase Price is fair and reasonable; and

6.    Granting such other relief as the Court deems just and proper.

DATED:  November 16, 2018          **Sulmeyer**Kupetz
A Professional Corporation


By:    /s/Steven F. Werth
       Alan G. Tippie
       Mark S. Horoupian
       Steven F. Werth
       Attorneys for Dean G. Rallis Jr., Agent

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.**

3

**BACKGROUND**

4

On March 6, 2018 (the "Petition Date"), the Debtor filed a voluntary petition under

5 chapter 11 of Title 11 of the United States Code, commencing the above-captioned individual

6 Chapter 11 bankruptcy case.  No trustee has been appointed in this case, and the Debtor continues

7 to serve as a Debtor in Possession.

8

On June 6, 2018, the Debtor filed a "Notice Of Motion And Motion To Approve A

9 Settlement Agreement Between And Among Debtor, The Roman Catholic Archbishop Of Los

10 Angeles, The California Institute Of The Sisters Of The Most Holy And Immaculate Heart Of The

11 Blessed Virgin Mary, The Bird Nest, LLC And The Official Committee Of Unsecured Creditors"

12 [Docket No. 445] (the "Settlement Motion").  The Settlement Motion sought approval of a term

13 sheet (as modified, the "Term Sheet") by and among the Debtor and several other parties,

14 resolving certain disputes stemming from a failed real estate transaction.

15

The Term Sheet provided, among other things, that upon Court approval of the

16 Settlement Motion, the Debtor would nominate a disinterested person to serve as the Debtor's

17 attorney-in-fact for certain purposes in this bankruptcy case as described in the Term Sheet.  On

18 July 25, 2018, this Court entered an order approving the Settlement Motion [Docket No. 528] (the

19 "Settlement Order").  Subsequently, the Debtor nominated Agent to be her agent for the purposes

20 set forth in the Term Sheet.  On July 27, 2018, the Debtor filed a "Debtor's Notice Of Motion And

21 Motion For Order Confirming Dean Rallis As Agent Pursuant To Court Order Entered July 25,

22 2018 (Dkt. #518)" [Docket No. 536] (the "Agent Appointment Motion").  The Court entered an

23 order approving the Agent Appointment Motion on August 7, 2018 [Docket No. 553].  On August

24 6, 2018, the Debtor filed a fully executed Term Sheet [Docket No. 547].

25

Pursuant to the Settlement Order and Term Sheet, the settling parties intended to

26 give Agent full authority to act on the Debtor's behalf for all purposes with regard to certain

27

28

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1    interests of the Debtor in certain identified limited liability companies and corporations, as

2    identified in the Term Sheet (the "<u>Agent Assets</u>").[1]   The Agent Assets include, among other

3    things, the Debtor's interest in Bridge Tavern, LLC.  As of the Petition Date, Bridge Tavern, LLC

4    leased a bar/tavern business located on the eastern edge of Downtown Los Angeles, located at

5    1356 Palmetto Street, which did business as Villain's Tavern ("<u>Villain's</u>").  The Villain's business

6    is now closed, and Bridge Tavern, LLC is in the process of vacating the Villain's premises.

7         In connection with vacating the Villain's premises, the Agent seeks to sell certain

8    property – the Property -- which is currently located at the Villain's premises and formerly was

9    utilized in connection with the operation of the Villain's business.  After numerous discussions, the

10   Agent has now reached an oral agreement with the Buyer that, upon Court approval of this motion

11   and following Buyer's payment to the Agent of the Purchase Price, the Agent will sell to Buyer

12   whatever right, title, and interest the Estate may have in the Property.

13        The Agent is aware that at least one party has filed a UCC Financing Statement

14   which may create a security interest in the Property—all others having been terminated.  This

15   financing statement is attached hereto as Exhibit 2.  The secured party is identified as DeeAnna

16   Staats.  Agent desires to sell the Property free and clear of liens, claims, and interests, including

17   the purported lien of DeeAnna Staats, with such interests to attach to the proceeds of the Sale.

18        As more fully set forth in Exhibit 1, the Property consists of equipment used in the

19   operation of the Villain's business, including the following:   freezers, refrigerators, juicers,

20   griddles, ranges, heaters, fire pits, chairs, tables, and cups.  A more detailed list of the personal

21   property subject to this proposed sale is attached hereto as Exhibit 1.

**II.**

**THE SALE SHOULD BE APPROVED**

24        Section 363(b) of the Bankruptcy Code provides, in relevant part, that a trustee

---

[1] One of the provisions in the Term Sheet and Settlement Order is the preparation of a Power of Attorney, signed by the Debtor, conveying such powers and authority to the Agent. At this time, however, the Power of Attorney has not yet been finalized.

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

"after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate."  The standard to be applied in determining whether a sale should be authorized under section 363(b) is whether such sale is in the best interests of the estate and the price is fair and reasonable.  <u>See</u>, generally, <u>In re Canyon Partnership</u>, 55 B.R. 520 (Bankr. S.D. Cal. 1985).

The Sale is in the best interest of the Estate.  The Property, while it does possess some value, consists of property which (1) is used, and (2) must be used in the restaurant business and as such likely would not fetch a much higher price than the Purchase Price even if the Agent were to have additional months to market it to various parties, which time he does not have without having to incur significant additional expenses (e.g., rent for storage, moving costs, etc.).  Bridge Tavern LLC's lease of the Villain's property expires on December 15, 2018.  By that date, the Property will either need to be moved and stored (which will result in the Estate incurring substantial moving and storage costs), or abandoned.  The Sale is superior to abandonment, and avoids the cost of moving or storing the Property with no guarantee that additional time will result in a higher purchase price.  The Agent has determined that the best solution under the circumstances is to sell the Estate's rights in the Property to the Buyer.  The Buyer has agreed to remove the Property from the Villain's property premises by December 12, 2018, at 5:00 p.m., and the Agent will accept no higher and better offer from any other party, unless they too agree to remove all Property from the Villain's premises by that date.

The Agent has received no higher offer for the Property at this time.  As such, the Agent's process for marketing and selling the Property has been fair, the Purchase Price is reasonable, and the Agent has a sound business justification for selling the Estate's interest in the Inventory.

### III.

### THE COURT SHOULD APPROVE A SALE OF THE PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS

The Agent seeks authority to complete the Sale free and clear of all liens, claims, and interests.  The Agent is aware of only one entity that may possess a lien or interest in the Property.

1    Pursuant to §363(f), a trustee may sell property of the bankruptcy estate "free and clear of any

2    interest in such property of an entity," if any one of the following five conditions is met:

> (1)    Applicable non-bankruptcy law permits a sale of such property
>         free and clear of such interest;
>
> (2)    Such entity consents;
>
> (3)    Such interest is a lien and the price at which such property is to
>         be sold is greater than the aggregate value of all liens on such
>         property;
>
> (4)    Such interest is in bona fide dispute; or
>
> (5)    Such entity could be compelled, in a legal or equitable
>         proceeding, to accept money satisfaction of such interest.

10    11 U.S.C. § 363(f).

11    The Agent intends to notify the party identified in the UCC attached hereto as Exhibit 2 of

12    the Motion.  Further, the Agent intends to notify all interested parties through the notice of Motion.

13    Any party objecting to such Sale may file their objection with the Court and request a hearing on

14    the Motion.  If there is no objection, the parties will be deemed to have consented to the sale of the

15    Property.  *See Veltman v. Whetzal*, 93 F.3d 517 (8th Cir. 1996) (failure to object to proposed sale,

16    coupled with agreement authorizing sale free of interest, constituted consent).  Thus, pursuant to §

17    363(f)(2), the Agent may sell the Property free and clear of any interest of entities other than the

18    Estate because the noticed parties will be deemed to have consented to the sale of the Property if

19    they make no objections to the Sale.

20    Any liens, claims, or interests that any parties may have in the Property will attach to the

21    proceeds of the Sale with the same validity, priority, and enforceability.

22    **IV.**

23    **THE SALE IS PROPOSED IN GOOD FAITH**

24    Section 363(m) of the Bankruptcy Code authorizes the Court to make a finding that

25    a buyer is a good faith purchaser.  A good faith purchaser of property is protected from the effects

26    of reversal of the order authorizing a sale as long as the trial court finds that the purchaser acted in

27    good faith and the aggrieved party fails to obtain a stay of the sale order.

28    Although the Bankruptcy Code does not define the term "good faith," courts have

Sulmeyer Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

provided guidance as to the appropriate factors to consider.  In essence, the purpose of Section 363(m) is to disable courts from backtracking on promises with respect to bankruptcy sales in the absence of bad faith.  <u>Kham and Nate's Shoes No. 2 v. First Bank</u>, 908 F.2d 1351, 1355 (7th Cir. 1990).   Generally speaking, the requirement that a purchaser act in good faith speaks to the integrity of his conduct in the course of the sale proceeding and focuses primarily on the disclosure of all material sale terms and the absence of fraud or collusion.  <u>See</u>, <u>In re Pine Coast Enterprise, Ltd.</u>, 147 B.R. 30, 33 (Bankr. N.D. Ill. 1992); <u>In re Abbotts Dairies of Pennsylvania, Inc.</u>, 788 F.2d 143, 147 (3rd Cir. 1986).

Here, the Buyer has offered to purchase the Property in good faith.  The Buyer has no relation to the Debtor or the Agent.  No other party has indicated a willingness to purchase the Property.  Further, the Agent is willing to sell the Property to a third party who makes a higher and better offer (provided that offeror removes the Property from the Villain's premises by December 12, 2018 at 5:00 p.m.).  Therefore, there are no facts which raise the specter of bad faith or call into question the propriety of the Sale.  Pursuant to Section 363(m), the Court should therefore find that the Sale has been entered into in good faith.  <u>See</u>, <u>In re M Capital Corp.</u>, 290 B.R. 743 (9th Cir. BAP 2003) (court may not make a finding of good faith in the absence of evidence, but may make such a finding if appropriate evidence is presented).

## V.

## <u>CONCLUSION</u>

For the reasons set forth above, the Agent respectfully requests that the Court enter an order:

1.      Authorizing the Agent to sell the Property to the Buyer for the Purchase Price, or such other party as may make a higher and better offer for the Property without further order of the Court, free and clear of liens, claims, and interests, with any such liens attaching to the proceeds;

2.      Finding that the Buyer is entitled to the protections of 11 U.S.C. Section 363(m);

3.      Authorizing the Agent to take all actions necessary or appropriate to

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1    effectuate the Sale; and

2              4.    Granting such other relief as the Court deems just and proper.

3    DATED:  November 16, 2018              Respectfully submitted,

4                                          **Sulmeyer**Kupetz
                                           A Professional Corporation
5

6
                                           By:   */s/Steven F. Werth*
7                                                Alan G. Tippie
                                                 Mark S. Horoupian
8                                                Steven F. Werth
                                                 Attorneys for Dean G. Rallis Jr., Agent
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Sulmeyer*Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

# DECLARATION OF DEAN G. RALLIS JR.

I, Dean G. Rallis Jr., declare as follows:

1.    I am an individual over the age of eighteen.

2.    Except as otherwise indicated, all statements made herein are based on my personal knowledge or my review of relevant documents.  If called to testify as a witness in this matter, I could and would competently testify under oath to the truth of the statements set forth herein.

3.    I make this declaration in support of the attached "Agent's Motion For Order:  (1) Authorizing Sale Of Estate's Interest In Personal Property (Restaurant Equipment) Out Of The Ordinary Course Of Business, Free And Clear Of All Liens, Claims And Interests Without Overbid; (2) Determining That Buyer Is A Good Faith Purchaser; And (3) Waiving The Fourteen (14) Day Stay Prescribed By Rule 6004(h) Of The Federal Rules Of Bankruptcy Procedure" (the "Motion").  Capitalized terms in this declaration have the meaning given them in the Motion.

4.    Pursuant to the Settlement Order and Term Sheet, the Debtor and other settling parties intended to give me full authority to act on the Debtor's behalf for all purposes with regard to certain interests of the Debtor in certain identified limited liability companies and corporations, as identified in the Term Sheet.  The Agent Assets include the Debtor's interest in Bridge Tavern, LLC.

5.    As of the Petition Date, Bridge Tavern, LLC leased a bar/tavern business located on the eastern edge of Downtown Los Angeles, located at 1356 Palmetto Street, which did business as Villain's Tavern.  The Villain's Tavern business is now closed, and Bridge Tavern, LLC is in the process of vacating the Villain's premises.

6.    In connection with vacating the Villain's premises, I seek to sell certain property – the Property -- which is currently located at the Villain's premises and formerly was utilized in connection with the operation of the Villain's business.

7.    The Property consists of equipment used in the operation of the Villain's business: freezers, refrigerators, juicers, griddles, ranges, tables, bars, heaters, fire pits, chairs, tables, and cups.  A more detailed description of the Property is set forth in the attached Exhibit 1.

8.    After numerous discussions, I have now reached an oral agreement with the Buyer

that, upon Court approval of this motion and following Buyer's payment to me of the Purchase Price, I will sell the Estate's interest in the Property over to the Buyer, who has agreed to remove the Property from the Villain's Tavern premises by December 12, 2018 at 5:00 p.m.

9.      In connection with this proposed sale, I requested Al Masse, who is familiar with the operations of Villain's Tavern and experienced in restaurant operations, to provide with his assessment of the Buyer's offer for the Property. As set forth in Mr. Masse's accompanying declaration, he believes that a sale price of $9,000 for the Property is fair and reasonable, under the circumstances.

10.     Attached hereto as **Exhibit 2** is a UCC filing relating to the Property.

11.     I have no connection with the Buyer. Upon information and belief, the Buyer has no connection with the Debtor.

12.     For all of the aforementioned reasons, it is my business judgment that a sale of the Property is in the best interests of the Estate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed November 16, 2018, at Pasadena, California.

Dean G. Rallis Jr.
Agent

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

SFW\ 2656928.3

11

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

### <u>DECLARATION OF ALFRED M. MASSE</u>

I, Alfred M. Masse, declare as follows:

1.     I am an individual over the age of eighteen.

2.     Except as otherwise indicated, all statements made herein are based on my personal knowledge or my review of relevant documents. If called to testify as a witness in this matter, I could and would competently testify under oath to the truth of the statements set forth herein.

3.     I make this declaration in support of the attached "Agent's Motion For Order: (1) Authorizing Sale Of Estate's Interest In Personal Property (Restaurant Equipment) Out Of The Ordinary Course Of Business, Free And Clear Of All Liens, Claims And Interests Without Overbid; (2) Determining That Buyer Is A Good Faith Purchaser; And (3) Waiving The Fourteen (14) Day Stay Prescribed By Rule 6004(h) Of The Federal Rules Of Bankruptcy Procedure" (the "<u>Motion</u>"). Capitalized terms in this declaration have the meaning given them in the Motion.

4.     I am the managing member and principal of Broadway Advisors, LLC ("<u>Broadway</u>"). As a member of Broadway, I have served as a financial advisor to dozens of debtors in possession, chapter 7 and 11 trustees, and creditor's committees. In addition, I have served in roles as interim Chief Executive Officer, Chief Restructuring Officer, and Chief Financial Officer of numerous companies, most of those being in "distress".

5.     I have particular knowledge of restaurant operations such as the Villain's business. In addition to restructuring Sizzler restaurants while at Baymark, I have been a minority owner in three successful restaurants, raised money for several others, and served as the president of the California Restaurant Association, the largest state restaurant association in the country, comprised of representatives of over 70,000 dining establishments.

6.     In connection with the Motion, the Agent requested that I provide my opinion as to the value of the Property. I have reviewed list of Property, have had discussions with the Agent regarding the Property, and based upon my investigation of the Property and based upon my experience in the restaurant business, estimate the "replacement" value of the Property, if purchased new, to be approximately $75,000 - $90,000, with the majority of the value attributed to the two (2) twenty-eight handle beer systems (approximately $50,000 - $60,000). These two beer

1  systems, however, cannot be scaled down to fewer handles. Accordingly, any potential buyer for

2  these systems would require bar space for twenty-eight handles and on-premises refrigeration for

3  28 barrels of beer. The large number of handles and corresponding storage requirements severely

4  limits the potential pool of buyers for these pieces of equipment, potentially adversely affecting

5  the "resale" value and increasing the length of time to find a buyer. Assuming such a buyer exists,

6  the "resale" value of these beer systems is collectively approximately between $10,000 and

7  $17,500. However, given the specificity of the beer system and the associated costs of removal in

8  addition to the potential costs referenced in Mr. Rallis' declaration, the present offer of $9,000 (or

9  10% - 12%) of "original" value, is reasonable given the equipment's current condition and

10  pending lease termination.

11         I declare under penalty of perjury under the laws of the United States of America

12  that the foregoing is true and correct.

13         Executed on this 16th day of November, 2018, at Newport Beach, California.

17  Alfred M. Masse

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

# EXHIBIT 1

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1

**EXHIBIT 1**[2]

2  Arctic air 1 Dr. Freezer
Everest 4' Undercounter Refrigerator
3  Sunkist Juicer
Kikico Ice Shaver Model EJ15 MK
4  Roval 2' Charbroiler w/Stand
Roval 12" Griddle w/Stand
5  Imperial 6 Burner Range w/Convection Oven
Roval 40lb. Gas Fryer
6  Atosa 6' Sandwich Table
Atosa 5' Undercounter Freezer
7  Atosa 4' Undercounter Refrigerator
Arctic Air 4' Undercounter Refrigerator
8  4' Undercounter Refrigerator
True 6' 2 Door Refrig. back Bar
9  True 4' 2 Door Refrig. back Bar
True 3' Undercounter Refrigerator
10  2 - 28 Tap Beer Tap Rows w/Entire Beer System & extra Taps
True 2 Glass Door Refrig. Back bar
11  True 6' Refrig. 2 Dr. Back Bar
5 - Lava & Mushroom Patio Heaters
12  4 - Portable Square Fire Pits
35 - Ornate Table Bases
13  70 - Metal Stack Chairs
30 - Metal Bar Stools
14  4 - High Top Round Bar Tables w/Ornate Bases
2 - Maroon Chesterfield Style Sofas
15  244 - Copper cups
"Green Monster" Locker Bay Base w/Worktable Top

16

17

18

19

20

21

22

23

24

25

26  _____

27  [2]    Price includes disassembly, removal, and transportation of the equipment listed.
28

# EXHIBIT 2

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS

**16-7539146062**

**07/28/2016 16:01**

**FILED**
CALIFORNIA
SECRETARY OF STATE

SOS

56566220002   UCC 1 FILING

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

A. NAME & PHONE OF CONTACT AT FILER (optional)
Henry N. Jannol, 310/552-7500

B. E-MAIL CONTACT AT FILER (optional)
hnj@smbgroup.com

C. SEND ACKNOWLEDGMENT TO:  (Name and Address)
Henry N. Jannol
Law Offices of Henry N. Jannol, APC
10850 Wilshire Boulevard, Suite 825
Los Angeles, CA 90024-4644

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Bridge Tavern, LLC | | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 1923 Micheltorena Street | Los Angeles | CA | 90039 | USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| Staats | DeeAnna | | | |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 3415 Sweetwater Mesa Road | Malibu | CA | 90265 | USA |

4. COLLATERAL: This financing statement covers the following collateral:
All goods, including, without limitation, (A) all machinery, equipment, computers, motor vehicles, trucks, tanks, boats, ships, appliances, furniture, special and general tools, fixtures, test and quality control devices and other equipment of every kind and nature and wherever situated, together with all documents of title and documents representing the same, all additions and accessions thereto, replacements therefor, all parts therefor, and all sustitutes for any of the foregoing and all other items used and useful in connection with Debtor's businesses and all improvements thereto and (B) all inventory; All contract rights and other general intangibles, including, without limitation, all partnership interests, membership interests, stock or other securities, rights under any of the Organizational Documents, licenses, distribution and other agreements, computer software (whether "off-the-shelf", licensed from any third party or developed by Debtor), computer software development rights, leases, franchises, customer lists, quality control procedures, grants and rights, goodwill, trademarks, service marks, trade styles, trade names, patents, patent applications, copyrights, and income tax refunds;

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box: ☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box: ☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:

UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

B: 238338

# UCC FINANCING STATEMENT ADDENDUM
**FOLLOW INSTRUCTIONS**

**9. NAME OF FIRST DEBTOR:** Same as line 1a or 1b on Financing Statement; if line 1b was left blank because Individual Debtor name did not fit, check here ☐

| | |
|---|---|
| **9a. ORGANIZATION'S NAME** | |
| Bridge Tavern, LLC | |

**OR**

| | | |
|---|---|---|
| **9b. INDIVIDUAL'S SURNAME** | | |
| **FIRST PERSONAL NAME** | | |
| **ADDITIONAL NAME(S)/INITIAL(S)** | | **SUFFIX** |

**56566220002**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**10. DEBTOR'S NAME:** Provide (10a or 10b) only **one** additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c

| | | | |
|---|---|---|---|
| **10a. ORGANIZATION'S NAME** | | | |

**OR**

| | | | |
|---|---|---|---|
| **10b. INDIVIDUAL'S SURNAME** | | | |
| **INDIVIDUAL'S FIRST PERSONAL NAME** | | | |
| **INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S)** | | | **SUFFIX** |

| **10c. MAILING ADDRESS** | **CITY** | **STATE** | **POSTAL CODE** | **COUNTRY** |
|---|---|---|---|---|

**11.** ☐ **ADDITIONAL SECURED PARTY'S NAME** *or* ☐ **ASSIGNOR SECURED PARTY'S NAME:** Provide only **one** name (11a or 11b)

| **11a. ORGANIZATION'S NAME** | | | |
|---|---|---|---|

**OR**

| **11b. INDIVIDUAL'S SURNAME** | **FIRST PERSONAL NAME** | **ADDITIONAL NAME(S)/INITIAL(S)** | **SUFFIX** |
|---|---|---|---|
| **11c. MAILING ADDRESS** | **CITY** | **STATE** | **POSTAL CODE** | **COUNTRY** |

**12. ADDITIONAL SPACE FOR ITEM 4 (Collateral):**
All accounts, together with all instruments, all documents of title representing any of the foregoing, all rights in any merchandising, goods, equipment, motor vehciles and trucks which any of the same may represent, and all right, title, security and guaranties with respect to each account, including any right of stoppage in transit; All documents, letters-of-credit rights, instruments, chattel paper; All commercial tort claims; All deposit accounts and any cash (whether or not deposited in such deposit accounts); All investment property;All supporting obligations;All files, records, books of account, business papers, and computer programs; and the products and proceeds of all of the above.

| **13.** ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS (if applicable) | **14.** This FINANCING STATEMENT: ☐ covers timber to be cut ☐ covers as-extracted collateral ☐ is filed as a fixture filing |
|---|---|
| **15.** Name and address of a RECORD OWNER of real estate described in item 16 (if Debtor does not have a record interest): | **16.** Description of real estate: |

**17. MISCELLANEOUS:**

UCC FINANCING STATEMENT ADDENDUM (Form UCC1Ad) (Rev. 04/20/11)

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*):  **AGENT'S MOTION FOR ORDER: (1) AUTHORIZING SALE OF ESTATE'S INTEREST IN PERSONAL PROPERTY (RESTAURANT EQUIPMENT) OUT OF THE ORDINARY COURSE OF BUSINESS, FREE AND CLEAR OF ALL LIENS, CLAIMS AND INTERESTS WITHOUT OVERBID; (2) DETERMINING THAT BUYER IS A GOOD FAITH PURCHASER; AND (3) WAIVING THE FOURTEEN (14) DAY STAY PRESCRIBED BY RULE 6004(h) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF DEAN G. RALLIS JR. AND ALFRED M. MASSE**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  November 16, 2018  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

David I Brownstein on behalf of Creditor Bobs, LLC
david@brownsteinfirm.com

David I Brownstein on behalf of Interested Party Courtesy NEF
david@brownsteinfirm.com

Leonardo Drubach on behalf of Creditor ANEA ENTERPRISES, LLC
leo@9000LAW.COM

Merak E Eskigian on behalf of Interested Party Courtesy NEF
meskigian@gmlawplc.net, mgoshgarian@gmlawplc.net,mnewman@gmlawplc.net

Merak E Eskigian on behalf of Interested Party Pierre Cassanova
meskigian@gmlawplc.net, mgoshgarian@gmlawplc.net,mnewman@gmlawplc.net

Sandford L. Frey on behalf of Interested Party Pierre Cassanova
sfrey@leechtishman.com, jabrams@leechtishman.com;dmulvaney@leechtishman.com

Amir Gamliel on behalf of Creditor Odyssesus Investment Group, LLC
amir-gamliel-9554@ecf.pacerpro.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com;JDerosier@perkinscoie.com

Scott F Gautier on behalf of Special Counsel Robins Kaplan
sgautier@robinskaplan.com

Robert P Goe on behalf of Interested Party The Presbytery of the Pacific
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Mark S Horoupian on behalf of Attorney Dean G. Rallis, Jr.
mhoroupian@sulmeyerlaw.com, ppenn@sulmeyerlaw.com;mhoroupian@ecf.inforuptcy.com;ppenn@ecf.inforuptcy.com

Mark S Horoupian on behalf of Interested Party Courtesy NEF
mhoroupian@sulmeyerlaw.com, ppenn@sulmeyerlaw.com;mhoroupian@ecf.inforuptcy.com;ppenn@ecf.inforuptcy.com

Merdaud Jafarnia on behalf of Interested Party Courtesy NEF
bknotice@mccarthyholthus.com, mjafarnia@ecf.inforuptcy.com

Dare Law on behalf of U.S. Trustee United States Trustee (LA)
dare.law@usdoj.gov

Robert Mockler on behalf of Creditor Roman Catholic Archbishop of Los Angeles, a Corporation Sole
rmockler@mckoolsmithhennigan.com, robert-mockler-0364@ecf.pacerpro.com,awallace@mckoolsmithhennigan.com,lmorrin@mckoolsmithhennigan.com,khom@mckoolsmithhennigan.com,sbyrd@mckoolsmithhennigan.com

Robert Mockler on behalf of Creditor The Bird's Nest
rmockler@mckoolsmithhennigan.com, robert-mockler-0364@ecf.pacerpro.com,awallace@mckoolsmithhennigan.com,lmorrin@mckoolsmithhennigan.com,khom@mckoolsmithhennigan.com,sbyrd@mckoolsmithhennigan.com

Robert Mockler on behalf of Creditor The California Institute of The Sisters of The Most Holy and Immaculate Heart of the Blessed Virgin Mary
rmockler@mckoolsmithhennigan.com, robert-mockler-
0364@ecf.pacerpro.com,awallace@mckoolsmithhennigan.com,lmorrin@mckoolsmithhennigan.com,khom@mckoolsmithhennigan.com,sbyrd@mck
oolsmithhennigan.com

Randall P Mroczynski on behalf of Creditor TD Auto Finance LLC
randym@cookseylaw.com

David L. Neale on behalf of Creditor Committee Official Committee Of Unsecured Creditors
dln@lnbyb.com

David L. Neale on behalf of Interested Party Levene, Neale, Bender, Yoo & Brill L.L.P.
dln@lnbyb.com

Matthew D Pham on behalf of Interested Party Courtesy NEF
mpham@afrct.com, msinclair@afrct.com;afrctecf@afrct.com

Hamid R Rafatjoo on behalf of Creditor DeeAnna Staats
hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com

Kelly M Raftery on behalf of Creditor US Bank NA, successor trustee to Bank of America NA (successor to LaSalle Bank NA), as Trustee, on behalf
of the holders of the Thornburg Mortgage Securities Trust 2006-1 Mortgage Loan Pass-Through Ce
bknotice@mccarthyholthus.com, kraftery@ecf.courtdrive.com

Kelly M Raftery on behalf of Interested Party Courtesy NEF
bknotice@mccarthyholthus.com, kraftery@ecf.courtdrive.com

Dean G Rallis, Jr on behalf of Interested Party Courtesy NEF
drallis@afrct.com, msinclair@afrct.com;AFRCTECF@afrct.com;mpham@afrct.com;drallis@ecf.courtdrive.com

Ashish R Rawat on behalf of Creditor Shellpoint Mortgage Servicing
ashish.rawat@americaninfosource.com

Lindsey L Smith on behalf of Creditor Committee Levene, Neale, Bender Yoo & Brill LLP
lls@lnbyb.com, lls@ecf.inforuptcy.com

Lindsey L Smith on behalf of Creditor Committee Official Committee Of Unsecured Creditors
lls@lnbyb.com, lls@ecf.inforuptcy.com

Lindsey L Smith on behalf of Interested Party Levene, Neale, Bender, Yoo & Brill L.L.P.
lls@lnbyb.com, lls@ecf.inforuptcy.com

Howard Steinberg on behalf of Creditor Roman Catholic Archbishop of Los Angeles, a Corporation Sole
steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com

Howard Steinberg on behalf of Creditor The Bird's Nest
steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com

Howard Steinberg on behalf of Creditor The California Institute of The Sisters of The Most Holy and Immaculate Heart of the Blessed Virgin Mary
steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com

Howard Steinberg on behalf of Defendant The Bird Nest, LLC
steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com

Howard Steinberg on behalf of Plaintiff Roman Catholic Archbishop of Los Angeles
steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com

Howard Steinberg on behalf of Plaintiff The Bird Nest, LLC
steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com

Howard Steinberg on behalf of Plaintiff The California Institute of the Sisters of the Most Holy and Immaculate Heart of the Blessed Virgin Mary
steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com

David A Tilem on behalf of Debtor Dana Hollister
davidtilem@tilemlaw.com,
DavidTilem@ecf.inforuptcy.com;malissamurguia@tilemlaw.com;joanfidelson@tilemlaw.com;JoanFidelson@ecf.inforuptcy.com;MalissaMurguia@ecf
.inforuptcy.com;DianaChau@tilemlaw.com;gabrielcruz@tilemlaw.com

David A Tilem on behalf of Plaintiff Dana Hollister
davidtilem@tilemlaw.com,
DavidTilem@ecf.inforuptcy.com;malissamurguia@tilemlaw.com;joanfidelson@tilemlaw.com;JoanFidelson@ecf.inforuptcy.com;MalissaMurguia@ecf
.inforuptcy.com;DianaChau@tilemlaw.com;gabrielcruz@tilemlaw.com

Alan G Tippie on behalf of Attorney Dean G. Rallis, Jr.
atippie@sulmeyerlaw.com, dwalker@sulmeyerlaw.com;atippie@ecf.inforuptcy.com;dperez@ecf.inforuptcy.com;dperez@sulmeyerlaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**

Alan G Tippie on behalf of Interested Party Courtesy NEF
atippie@sulmeyerlaw.com, dwalker@sulmeyerlaw.com;atippie@ecf.inforuptcy.com;dperez@ecf.inforuptcy.com;dperez@sulmeyerlaw.com

Alan G Tippie on behalf of Other Professional Rallis Jr., Agent Dean G.
atippie@sulmeyerlaw.com, dwalker@sulmeyerlaw.com;atippie@ecf.inforuptcy.com;dperez@ecf.inforuptcy.com;dperez@sulmeyerlaw.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Steven Werth on behalf of Attorney Dean G. Rallis, Jr.
swerth@sulmeyerlaw.com,
asokolowski@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;asokolowski@ecf.inforuptcy.com;swerth@ecf.inforuptcy.com

Steven Werth on behalf of Interested Party Courtesy NEF
swerth@sulmeyerlaw.com,
asokolowski@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;asokolowski@ecf.inforuptcy.com;swerth@ecf.inforuptcy.com

☐ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  November 16, 2018 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Proposed Buyer:
Tim Grove
Kohn-Megibow Company
1341 North Kraemer Boulevard
Anaheim, CA 92806

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  November 16, 2018 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY**
The Honorable Neil W. Bason
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street
Bin outside of Suite 1552
Los Angeles, CA 90012

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 16, 2018 | Maria R. Viramontes | /s/Maria R. Viramontes |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                    **F 9013-3.1.PROOF.SERVICE**