| | |
|---|---|
| 1 | Alan G. Tippie (CA State Bar No. 89587) |
| |   *atippie@sulmeyerlaw.com* |
| 2 | Mark S. Horoupian (CA Bar No. 175373) |
| |   *mhoroupian@sulmeyerlaw.com* |
| 3 | Steven F. Werth (CA State Bar No. 205434) |
| |   *swerth@sulmeyerlaw.com* |
| 4 | **Sulmeyer**Kupetz |
| | A Professional Corporation |
| 5 | 333 South Grand Avenue, Suite 3400 |
| | Los Angeles, California 90071 |
| 6 | Telephone: 213.626.2311 |
| | Facsimile: 213.629.4520 |
| 7 | |
| 8 | Attorneys for Dean G. Rallis Jr., Agent |



**FILED & ENTERED**

**DEC 06 2018**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY sumlin  DEPUTY CLERK

**CHANGES MADE BY COURT**

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:18-bk-12429-NB |
| DANA HOLLISTER, | Chapter 11 |
|     Debtor. | **ORDER APPROVING AGENT'S MOTION FOR ORDER: (1) AUTHORIZING SALE OF ESTATE'S INTEREST IN PERSONAL PROPERTY (RESTAURANT EQUIPMENT) OUT OF THE ORDINARY COURSE OF BUSINESS, FREE AND CLEAR OF ALL LIENS, CLAIMS AND INTERESTS WITHOUT OVERBID; (2) DETERMINING THAT BUYER IS A GOOD FAITH PURCHASER; AND (3) WAIVING THE FOURTEEN (14) DAY STAY PRESCRIBED BY RULE 6004(h) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE** |
| | [11 U.S.C. §§ 363(b)(1), <u>363(f)(5),</u> 541; Fed. R. Bankr. P. 6004; Loc. Bankr. R. 9013-1(o)(1)] |
| | {No Hearing Required Unless Requested} |

SFW\ 2657385.1

The Court, having considered the "Agent's Motion For Order: (1) Authorizing Sale Of Estate's Interest In Personal Property (Restaurant Equipment) Out Of The Ordinary Course Of Business, Free And Clear Of All Liens, Claims And Interests Without Overbid; (2) Determining That Buyer Is A Good Faith Purchaser; And (3) Waiving The Fourteen (14) Day Stay Prescribed By Rule 6004(h) Of The Federal Rules Of Bankruptcy Procedure" ("Sale Motion," dkt. 718) filed by Dean G. Rallis Jr. ("Agent"), the declarations in support of the Sale Motion, the "Declaration Of Steven F. Werth Regarding No Overbid For Personal Property (Restaurant Equipment)" filed December 4, 2018 [Docket No. 731], the "Declaration Re: Entry Of Order Without Hearing Pursuant To LBR 9013-1(a)" filed on December 4, 2018 [Docket No. 732], and after finding that no opposition or request for hearing was timely filed by any creditor or party in interest, notice of the Sale Motion was timely and properly served on all necessary parties, and for good cause appearing,

**IT IS ORDERED** that:

1. The Sale Motion is granted;

2. The Agent is authorized to sell the Property (as that term is defined in the Sale Motion) to Kohn-Megibow Company, or its assignee ("Buyer"), for $9,000.00, free and clear of all liens, claims and interests, if any, and to transfer any such liens to the sale proceeds, pursuant to 11 U.S.C. § 363(f)(5) (not § 363(f)(2)) and the analysis of *In re Trans World Airlines, Inc.,* 322 F.3d 283, 290-91 (3d Cir. 2003) and alternatively *In re Jolan,* 403 B.R. 866 (Bankr. W.D. Wash. 2009) under analogous provisions of the laws of California, not Washington. *See* Cal. Code Civ. Proc. ("CCP") §§ 564(b)(9), 568.5, 701.630, 701.680 (receivership is legal or equitable proceeding for sale of property free and clear of liens);

3. Buyer is a good faith purchaser as described in 11 U.S.C. § 363(m);

4. Agent is authorized to take all actions necessary or appropriate to effectuate the sale;

5. The fourteen-day stay period provided under Fed. R. Bankr. P. 6004(h) is waived; and

//

6. the Purchase Price (as that term is defined in the Sale Motion) is fair and reasonable.

### 

Date: December 6, 2018

_____
Neil W. Bason
United States Bankruptcy Judge