Alan G. Tippie (CA State Bar No. 89587)
 atippie@sulmeyerlaw.com
Mark S. Horoupian (CA Bar No. 175373)
 mhoroupian@sulmeyerlaw.com
Steven F. Werth (CA Bar No. 205434)
 swerth@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for Dean G. Rallis Jr., Agent

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>DANA HOLLISTER,<br><br>Debtor. | Case No. 2:18-bk-12429-NB<br><br>Chapter 11<br><br>**COMMENTS OF DEAN G. RALLIS, JR., AGENT, ON PROPOSED ORDERS ON MOTION FOR RELIEF FROM STAY FILED BY BOBS LLC RE 1923 MICHELTORENA STREET, LOS ANGELES, CALIFORNIA**<br><br>**[Relates to Docket No. 936]**<br><br>Date:  September 28, 2021<br>Time:  1:00 p.m.<br>Ctrm:  1545<br>　　　　255 E. Temple Street<br>　　　　Los Angeles, CA 90012 |

Court appointed Agent, Dean G. Rallis, Jr. ("Agent"), submits the following comments to the proposed order [Dkt. No. 1525] lodged by Bobs LLC ("Bobs") with respect to its Motion for Relief from the Automatic Stay ("Motion")[Docket No. 936], and to the Reply Brief ("Reply Brief")[Dkt. No. 1527] filed jointly by the Roman Catholic Archbishop of Los Angeles, a Corporation Sole, and the California Institute of the Sisters of the Most Holy and Immaculate Heart of the Blessed Virgin Mary (collectively, the "Church"), and The Bird Nest, LLC ("Bird Nest").

AGT 2727977v1

The Agent previously lodged with this Court his form of proposed Order, a true and correct copy of which is attached hereto as Exhibit A. The Agent's proposed Order was the product of a careful review of the transcript of the hearing on August 19 in which the Court articulated its thoughts following a trial on the Motion. Admittedly, the Agent added additional paragraphs that he believed provided additional protection to Bobs that were not specifically articulated by the Court. Those additional paragraphs captured the following ideas:

One, Bobs should not be further delayed in the enforcement of its rights beyond April 30, 2022. For that reason, Bobs (and other creditors holding secured claims against the real property located at 1923 Micheltorena Street, Los Angeles, California, commonly known as the Paramour (the "Property")), would be entitled to credit bid at any auction sale to make it unnecessary to pursue a foreclosure sale of the Property and further delay enforcement of the rights of Bobs (or other lienholders) against the Property.

Two, to the extent there were lienholders junior to the successful credit bidder where the proceeds of sale were insufficient to satisfy such liens, the liens of such secured creditors would be extinguished and of no further force and effect as they respect the Property. While the Agent believes that the Court has the power to issue such an order, he recognizes that a title insurer may be unwilling to insure title to the Property following such sale without the affirmative consent of such lienholders whose liens are to be extinguished without payment in full. The Agent hopes that junior lienholders, namely Church and the Bird Nest, and DeeAnna Staats ("Staats") would provide such consent. To the extent such consent is not given, an alternative remedy was created.

That alternative remedy, and the third unarticulated concept was to give Bobs relief from stay as of a date certain. In its proposed order, Bobs retained this last idea, albeit without the date included in the Agent's proposed order, but it did not incorporate the other two above-mentioned provisions that gave lienholders the right to credit bid.

Church and the Bird Nest did not submit their own form of order; instead, they provided their perspective on the two lodged, proposed orders and volunteered an opinion on the impact of abandonment. While abandonment is not an issue before the Court, the Agent believes that the opinion espoused by Church and the Bird Nest as to the implications of abandonment must be

Sulmeyer Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1  clarified and/or corrected. Abandonment will not necessarily trigger the tax consequences suggested
2  in the Reply Brief.

3  The decisions referenced therein are all from cases that address the tax consequences of a
4  general abandonment of assets as contrasted with abandonment that occurs pursuant to Section 554 of
5  the Bankruptcy Code. In fact, none of the cases even involve a bankruptcy case or debtor, and the
6  IRS issued regulations which clarify abandonments pursuant to Section 554 are not taxable,
7  particularly in cases involving individual debtors, because in an individual debtor case there are two
8  taxable entities—the debtor and the estate. *See* 26 U.S.C. Section 1398 ("IRC 1398"). Specifically,
9  section 1398(f)(1) provides that a transfer from a debtor to the estate shall not be treated as a
10 "transfer" that gives rise to tax consequences. Section 1398(f)(2) further provides that a transfer from
11 the estate to the debtor "in the case of termination of the estate" likewise is not a taxable
12 disposition. Courts have equated an abandonment of the estate's interest in encumbered property to a
13 "termination of the estate" for purposes of Section 1398(f)(2), and thus not a taxable event. *See* In re
14 McGowan, (Bankr. N.D. IA 1989) 95 B.R. 104, 107; In Re Olson (Bankr. N.D. IA 1989) 100 B.R.
15 458, 462, *aff'd,* 121 Bankr. 346 (Bankr. N.D. Ia 1990), *aff'd*, 930 F.2d 6, 8 (8th Cir 1991); In re
16 Popp, (Bankr. NE 1993) 166 B.R. 697; and Gladstone v. Bank of Am., N.A. (In re Vassau), (Bankr.
17 S.D.CA 2013); 499 B.R. 864, 870. Compare, however, In re Rubin (Bankr.Md 1992) 154 B.R. 897,
18 A.J. Lane & Co., Inc., 133 Bankr. 264 (Bankr MA. 1991), where the Court concluded abandonment
19 prior to a scheduled foreclosure sale is to be treated as a taxable transfer to the estate.

20 To address the non-uniform treatment, the IRS published Treasury Decision 8537 (1994 IRB
21 LEXIS 2621, 1994-1 C.B. 230, T.D. 8537), entitled "Carryover of Passive Activity Losses and Credits
22 and At-Risk Losses to Bankruptcy Estate of Individuals". In that Decision, the IRS acknowledged the
23 reasoning of the 8th Circuit in In Re Olson, and specifically found that "the rules adopted in the final
24 regulations [Code of Federal Regulation 1.1398-1 discussed below] are consistent with the only
25 appellate court case on point, which holds that the transfer (other than by sale or exchange) of an asset
26 from the estate to the debtor before the termination of the estate is a nontaxable disposition." *See,* 26
27 C.F.R. 1.1398-1(d)(1): ("If, before the termination of the estate, the estate transfers an interest in a
28 passive activity or former passive activity to the debtor (other than by sale or exchange), the transfer is

AGT 2727977v1                                              4

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1  not treated as a disposition for purposes of any provision of the Internal Revenue Code assigning tax

2  consequences to a disposition.  The transfers to which this rule applies include transfers from the

3  estate to the debtor of property that is exempt under section 522 of title 11 of the United States Code

4  and abandonments of estate property to the debtor under section 554(a) of such title").

5      Again, abandonment is not an issue that needs to be addressed or resolved at this time, but to

6  the extent the Court is ultimately faced with an abandonment request, the law cited above should be

7  taken into consideration.

8      After review of the proposed order lodged by Bobs, the Agent revisited and revised his prior draft as

9  reflected in the redlined, updated version attached hereto as Exhibit B.  In brief, the Agent eliminated the carve-

10 out suggested by the Court and added a paragraph that generally coincides with a paragraph drafted by Bobs in

11 its proposed order.  The added paragraph attempts to capture the concept of cooperative negotiations amongst

12 the constituents of the estate to facilitate a sale of the Property at a price insufficient to satisfy liens, taxes and

13 other claims in the estate.

14     Next, and as contrasted with Bobs' version, the Agent retained the concept of credit

15 bidding as he believes that the inclusion of the two paragraphs which authorize this bidding

16 process only benefits Bobs and the goal to expedite a sale of the Property and the satisfaction of

17 Bobs' claim.

18     For ease, the Agent attaches hereto a clean copy of the revised order as Exhibit C.  The

19 Agent requests that the Court enter the revised version of his proposed Order.

20 DATED:  September 24, 2021    **Sulmeyer**Kupetz
    A Professional Corporation

21

22

23 By: _____
    Alan G. Tippie

24     Mark S. Horoupian
    Steven F. Werth

25     Attorneys for Dean G. Rallis Jr., Agent

26

27

28

AGT 2727977v1    5

# EXHIBIT A

Alan G. Tippie (CA State Bar No. 89587)
   atippie@sulmeyerlaw.com
Mark S. Horoupian (CA Bar No. 175373)
   mhoroupian@sulmeyerlaw.com
Steven F. Werth (CA Bar No. 205434)
   swerth@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for Dean G. Rallis Jr., Agent

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>DANA HOLLISTER,<br><br>  Debtor. | Case No. 2:18-bk-12429-NB<br><br>Chapter 11<br><br>**[PROPOSED] ORDER ON MOTION FOR RELIEF FROM STAY FILED BY BOBS LLC RE 1923 MICHELTORENA STREET, LOS ANGELES, CALIFORNIA**<br><br>**[Relates to Docket No. 936]**<br><br>Date:  September 9, 2021<br>Time:  2:00 p.m.<br>Ctrm:  1545<br>         255 E. Temple Street<br>         Los Angeles, CA 90012 |

Bobs LLC ("Bobs") filed its Motion for Relief from the Automatic Stay ("Motion")[Docket No. 936]. The Motion seeks relief to exercise rights held by Bobs under a deed of trust recorded against real property located at 1923 Micheltorena Street, Los Angeles, California, commonly known as the Paramour (the "Property"). Oppositions to the Motion were filed by several parties in interest including the Debtor, the Court appointed Agent, Dean G. Rallis, Jr. ("Agent"), and junior lienholders on the Property. The hearing on the Motion was continued several times with the consent of Bobs. Ultimately, the Court set a hearing whereby the Court would accept the testimony of witnesses in

AGT 2727404v1

6

Case 2:18-bk-12429-NB    Doc 1530    Filed 09/24/21    Entered 09/24/21 16:57:44    Desc
Main Document    Page 7 of 18

support of and in opposition to the Motion. That hearing took place on August 18, 2021 with closing arguments given on August 19, 2021.

Following closing arguments, the Court, pursuant to Federal Rule of Civil Procedure 52(a)(1), incorporated by Bankruptcy Rule 7052, issued its oral findings of fact and conclusions of law, and a tentative ruling on the Motion. It thereafter continued the hearing to September 9, 2021 at 2:00 p.m. to give the parties an opportunity to consider the tentative ruling of the Court. Having considered the comments of the parties at the September 9, 2021 hearing, and on the bases of the findings and conclusions orally pronounced at the August 19, 2021 hearing, including but not limited to the finding that Bobs has not carried its burden to show that there is no equity in the Property but is entitled to some form of adequate protection, the Court now issues the following ruling and order.

**IT IS ORDERED** that, subject to extension of time for good cause shown, the Agent shall have until April 30, 2022 to close a sale of the Paramour, which sale is subject to approval of this Court; and it is further

**ORDERED** that, without the specific consent of Bobs, the time given to the Agent to market and sell the Property under the Term Sheet approved by this Court by order entered August 7, 2018 [Dkt. No. 557] may not be extended; and it is further

**ORDERED** that if the Agent elects to sell the Property by public auction, Bobs, DeeAnna Staats ("Staats"), the Roman Catholic Archbishop Of Los Angeles, a Corporation Sole, and the California Institute of the Sisters of the Most Holy and Immaculate Heart of the Blessed Virgin Mary (collectively, the "Church"), and The Bird Nest, LLC ("Bird Nest") shall be entitled to participate in the auction by submitting a credit bid in an amount to be later determined by this Court; and it is further

**ORDERED** that, in the event a credit bid for the Property by Bobs, Staats, the Church or Bird Nest, is deemed by this Court to be the successful bid for the Property, any liens junior to the recorded deed of trust or liens of the successful bidder on the Property, including but not limited to the liens held by Staats, the Church, or Bird Nest shall be deemed to be extinguished from the Property and of no further force or effect, subject to the rights of the junior lienholders to receive net proceeds of the sale of the Property in the same manner as if the Property had been sold by a

trustee in a non-judicial foreclosure, sheriff's sale or other involuntary sale; and it is further

**ORDERED** that, to the extent the net proceeds of sale of the Property are insufficient to pay the fees and expenses of the Agent and his professionals (retained by order of the Court), incurred on and after August 19, 2021 with respect to marketing and sale of the Property, Bobs shall contribute to the estate by carve-out of its secured claim or otherwise sufficient funds to cover such fees and expenses; and it is further

**ORDERED** that, if the Agent has not closed a sale of the Property by April 30, 2022, or such other date as may be approved by the Court, Bobs shall be granted relief from the automatic stay to exercise its rights under its deed of trust.

### #

AGT 2727404v1

4

8

# EXHIBIT B

1  Alan G. Tippie (CA State Bar No. 89587)
     atippie@sulmeyerlaw.com
2  Mark S. Horoupian (CA Bar No. 175373)
     mhoroupian@sulmeyerlaw.com
3  Steven F. Werth (CA Bar No. 205434)
     swerth@sulmeyerlaw.com
4  **Sulmeyer**Kupetz
   A Professional Corporation
5  333 South Grand Avenue, Suite 3400
   Los Angeles, California 90071-1406
6  Telephone: 213.626.2311
   Facsimile: 213.629.4520

Attorneys for Dean G. Rallis Jr., Agent

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>DANA HOLLISTER,<br><br>      Debtor. | Case No. 2:18-bk-12429-NB<br><br>Chapter 11<br><br>**[PROPOSED] ORDER ON MOTION FOR RELIEF FROM STAY FILED BY BOBS LLC RE 1923 MICHELTORENA STREET, LOS ANGELES, CALIFORNIA**<br><br>**[Relates to Docket No. 936]**<br><br>Date: September 289, 2021<br>Time: 21:00 p.m.<br>Ctrm: 1545<br>      255 E. Temple Street<br>      Los Angeles, CA 90012 |

Bobs LLC ("Bobs") filed its Motion for Relief from the Automatic Stay ("Motion")[Docket No. 936]. The Motion seeks relief to exercise rights held by Bobs under a deed of trust recorded against real property located at 1923 Micheltorena Street, Los Angeles, California, commonly known as the Paramour (the "Property"). Oppositions to the Motion were filed by several parties in interest including the Debtor, the Court appointed Agent, Dean G. Rallis, Jr. ("Agent"), the Official Committee of General Unsecured Creditors ("Committee"), and junior lienholders on the Property. The hearing on the Motion was continued several times with the consent of Bobs. Ultimately, the

9

AGT 2727404v1

1  Court set a hearing whereby the Court would accept the testimony of witnesses in support of and in
2  opposition to the Motion. That hearing took place on August 18, 2021 with closing arguments given
3  on August 19, 2021.

4  Following closing arguments, the Court, pursuant to Federal Rule of Civil Procedure 52(a)(1),
5  incorporated by Bankruptcy Rule 7052, issued its oral findings of fact and conclusions of law, and a
6  tentative ruling on the Motion. It thereafter continued the hearing to September 9, 2021 at 2:00 p.m.,
7  and to September 28, 2021 at 1:00 p.m. to give the parties an opportunity to consider the tentative
8  ruling of the Court. Having considered the comments of the parties at the September 9, 2021 hearing,
9  and on the bases of the findings and conclusions orally pronounced at the August 19, 2021 hearing,
10 including but not limited to the finding that Bobs has not carried its burden to show that there is no
11 equity in the Property but is entitled to some form of adequate protection, the Court now issues the
12 following ruling and order.

13 **IT IS ORDERED** that, subject to extension of time for good cause shown, the Agent shall
14 have until April 30, 2022 to close a sale of the Paramour, which sale is subject to approval of this
15 Court; and it is further

16 **ORDERED** that, without the specific consent of Bobs, the time given to the Agent to
17 market and sell the Property under the Term Sheet approved by this Court by order entered August
18 7, 2018 [Dkt. No. 557] may not be extended; and it is further

19 **ORDERED** that, to the extent the Agent is prepared to accept an offer for sale of the
20 Property, the proceeds of which are insufficient to satisfy claims secured by liens against the
21 Property, closing costs and claims arising from the prospective sale thereof, including potential tax
22 claims, the Agent shall meet and confer with creditors holding secured claims against the Property,
23 creditors holding claims entitled to administrative priority in the estate, and the Committee to
24 address and discuss carve-outs, discounts and reductions of such claims so that a sale of the
25 Property may be consummated; and it is further

26 **ORDERED** that if the Agent elects to sell the Property by public auction, Bobs, DeeAnna
27 Staats ("Staats"), the Roman Catholic Archbishop Of Los Angeles, a Corporation Sole, and the
28 California Institute of the Sisters of the Most Holy and Immaculate Heart of the Blessed Virgin

Mary (collectively, the "Church"), and The Bird Nest, LLC ("Bird Nest") shall be entitled to participate in the auction by submitting a credit bid in an amount to be later determined by this Court; and it is further

**ORDERED** that, in the event a credit bid for the Property by Bobs, Staats, the Church or Bird Nest, is deemed by this Court to be the successful bid for the Property, any liens junior to the recorded deed of trust or liens of the successful bidder on the Property, including but not limited to the liens held by Staats, the Church, or Bird Nest shall be deemed to be extinguished from the Property and of no further force or effect, subject to the rights of the junior lienholders to receive net proceeds of the sale of the Property in the same manner as if the Property had been sold by a trustee in a non-judicial foreclosure, sheriff's sale or other involuntary sale; and it is further

~~**ORDERED** that, to the extent the net proceeds of sale of the Property are insufficient to pay the fees and expenses of the Agent and his professionals (retained by order of the Court), incurred on and after August 19, 2021 with respect to marketing and sale of the Property, Bobs shall contribute to the estate by carve-out of its secured claim or otherwise sufficient funds to cover such fees and expenses; and it is further~~

**ORDERED** that, if the Agent has not closed a sale of the Property by April 30, 2022, or such other date as may be approved by the Court, Bobs shall be granted relief from the automatic stay to exercise its rights under its deed of trust.

###

AGT 2727404v1

4

11

# EXHIBIT C

Alan G. Tippie (CA State Bar No. 89587)
 atippie@sulmeyerlaw.com
Mark S. Horoupian (CA Bar No. 175373)
 mhoroupian@sulmeyerlaw.com
Steven F. Werth (CA Bar No. 205434)
 swerth@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for Dean G. Rallis Jr., Agent

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>DANA HOLLISTER,<br><br>    Debtor. | Case No. 2:18-bk-12429-NB<br><br>Chapter 11<br><br>**[PROPOSED] ORDER ON MOTION FOR RELIEF FROM STAY FILED BY BOBS LLC RE 1923 MICHELTORENA STREET, LOS ANGELES, CALIFORNIA**<br><br>**[Relates to Docket No. 936]**<br><br>Date:    September 28, 2021<br>Time:    1:00 p.m.<br>Ctrm:    1545<br>         255 E. Temple Street<br>         Los Angeles, CA 90012 |

Bobs LLC ("Bobs") filed its Motion for Relief from the Automatic Stay ("Motion")[Docket No. 936]. The Motion seeks relief to exercise rights held by Bobs under a deed of trust recorded against real property located at 1923 Micheltorena Street, Los Angeles, California, commonly known as the Paramour (the "Property"). Oppositions to the Motion were filed by several parties in interest including the Debtor, the Court appointed Agent, Dean G. Rallis, Jr. ("Agent"), the Official Committee of General Unsecured Creditors ("Committee"), and junior lienholders on the Property. The hearing on the Motion was continued several times with the consent of Bobs. Ultimately, the

AGT 2727404v1

12

1  Court set a hearing whereby the Court would accept the testimony of witnesses in support of and in
2  opposition to the Motion.  That hearing took place on August 18, 2021 with closing arguments given
3  on August 19, 2021.
4      Following closing arguments, the Court, pursuant to Federal Rule of Civil Procedure 52(a)(1),
5  incorporated by Bankruptcy Rule 7052, issued its oral findings of fact and conclusions of law, and a
6  tentative ruling on the Motion.  It thereafter continued the hearing to September 9, 2021 at 2:00 p.m.,
7  and to September 28, 2021 at 1:00 p.m. to give the parties an opportunity to consider the tentative
8  ruling of the Court.  Having considered the comments of the parties at the September 9, 2021 hearing,
9  and on the bases of the findings and conclusions orally pronounced at the August 19, 2021 hearing,
10  including but not limited to the finding that Bobs has not carried its burden to show that there is no
11  equity in the Property but is entitled to some form of adequate protection, the Court now issues the
12  following ruling and order.
13      **IT IS ORDERED** that, subject to extension of time for good cause shown, the Agent shall
14  have until April 30, 2022 to close a sale of the Paramour, which sale is subject to approval of this
15  Court; and it is further
16      **ORDERED** that, without the specific consent of Bobs, the time given to the Agent to
17  market and sell the Property under the Term Sheet approved by this Court by order entered August
18  7, 2018 [Dkt. No. 557] may not be extended; and it is further
19      **ORDERED** that, to the extent the Agent is prepared to accept an offer for sale of the
20  Property, the proceeds of which are insufficient to satisfy claims secured by liens against the
21  Property, closing costs and claims arising from the prospective sale thereof, including potential tax
22  claims, the Agent shall meet and confer with creditors holding secured claims against the Property,
23  creditors holding claims entitled to administrative priority in the estate, and the Committee to
24  address and discuss carve-outs, discounts and reductions of such claims so that a sale of the
25  Property may be consummated; and it is further
26      **ORDERED** that if the Agent elects to sell the Property by public auction, Bobs, DeeAnna
27  Staats ("Staats"), the Roman Catholic Archbishop Of Los Angeles, a Corporation Sole, and the
28  California Institute of the Sisters of the Most Holy and Immaculate Heart of the Blessed Virgin

1   Mary (collectively, the "Church"), and The Bird Nest, LLC ("Bird Nest") shall be entitled to

2   participate in the auction by submitting a credit bid in an amount to be later determined by this

3   Court; and it is further

4         **ORDERED** that, in the event a credit bid for the Property by Bobs, Staats, the Church or

5   Bird Nest, is deemed by this Court to be the successful bid for the Property, any liens junior to the

6   recorded deed of trust or liens of the successful bidder on the Property, including but not limited to

7   the liens held by Staats, the Church, or Bird Nest shall be deemed to be extinguished from the

8   Property and of no further force or effect, subject to the rights of the junior lienholders to receive

9   net proceeds of the sale of the Property in the same manner as if the Property had been sold by a

10  trustee in a non-judicial foreclosure, sheriff's sale or other involuntary sale; and it is further

11        **ORDERED** that, if the Agent has not closed a sale of the Property by April 30, 2022, or

12  such other date as may be approved by the Court, Bobs shall be granted relief from the automatic

13  stay to exercise its rights under its deed of trust.

14                                         # # #

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): **COMMENTS OF DEAN G. RALLIS, JR., AGENT, ON PROPOSED ORDERS ON MOTION FOR RELIEF FROM STAY FILED BY BOBS LLC RE 1923 MICHELTORENA STREET, LOS ANGELES, CALIFORNIA** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>September 24, 2021,</u> I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **William C Beall**    will@beallandburkhardt.com, carissa@beallandburkhardt.com
- **David I Brownstein**    david@brownsteinfirm.com
- **Mason S Byrd**    sbyrd@mckoolsmithhennigan.com, LMorrin@mckoolsmithhennigan.com
- **Leonardo Drubach**    leo@9000LAW.COM
- **John D Ellis**    john.ellis3@usdoj.gov, USACAC.criminal@usdoj.gov;CaseView.ECF@usdoj.gov
- **Merak E Eskigian**    meskigian@gmlawplc.net, mgoshgarian@gmlawplc.net,mnewman@gmlawplc.net,zanderson@gmlawplc.net
- **Oscar Estrada**    oestrada@ttc.lacounty.gov
- **Dane W Exnowski**    dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
- **Michael G Fletcher**    mfletcher@frandzel.com, sking@frandzel.com
- **Sandford L. Frey**    sfrey@leechtishman.com, lmoya@leechtishman.com;dmulvaney@leechtishman.com
- **Amir Gamliel**    amir-gamliel-9554@ecf.pacerpro.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com
- **M. Jonathan Hayes**    jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- **Mark S Horoupian**    mhoroupian@sulmeyerlaw.com, mhoroupian@ecf.inforuptcy.com;ccaldwell@sulmeyerlaw.com
- **Merdaud Jafarnia**    bknotice@mccarthyholthus.com, mjafarnia@ecf.inforuptcy.com
- **Kelly M Kaufmann**    bknotice@mccarthyholthus.com, kraftery@ecf.courtdrive.com
- **Dare Law**    dare.law@usdoj.gov
- **Harris M Madnick**    hmmadnick@kramarmadnick.com
- **Robert William Mockler**    robert.mockler@diamondmccarthy.com
- **Randall P Mroczynski**    randym@cookseylaw.com
- **David L. Neale**    dln@lnbyb.com
- **Matthew D Pham**    mpham@hahnlawyers.com, marias@hahnlawyers.com;mpham@ecf.courtdrive.com
- **Hamid R Rafatjoo**    hrafatjoo@raineslaw.com, bclark@raineslaw.com
- **Dean G Rallis**    drallis@hahnlawyers.com, marias@hahnlawyers.com;mpham@hahnlawyers.com;drallis@ecf.courtdrive.com;drallis@ecf.inforuptcy.com
- **Ashish R Rawat**    ashish.rawat@americaninfosource.com
- **Matthew D. Resnik**    matt@rhmfirm.com, roksana@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- **James R Selth**    jim@wsrlaw.net, jselth@yahoo.com;eduardo@wsrlaw.net;gabby@wsrlaw.net;vinnet@ecf.inforuptcy.com
- **Lindsey L Smith**    lls@lnbyb.com, lls@ecf.inforuptcy.com
- **Steven C Smith**    ssmith@smith-lc.com, kcanaan@smith-lc.com

PMD 2727962v1 9/24/2021 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                                       **F 9013-3.1.PROOF.SERVICE**

- **Howard Steinberg**    steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com
- **Mukta Suri**    Mukta.Suri@BonialPC.com
- **David A Tilem**    davidtilem@tilemlaw.com, DavidTilem@ecf.inforuptcy.com;joanfidelson@tilemlaw.com;JoanFidelson@ecf.inforuptcy.com;DianaChau@tilemlaw.com
- **Alan G Tippie**    atippie@sulmeyerlaw.com, atippie@ecf.courtdrive.com;pdillamar@sulmeyerlaw.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Reed S Waddell**    rwaddell@frandzel.com, sking@frandzel.com
- **Gerrick Warrington**    gwarrington@frandzel.com, sking@frandzel.com
- **Steven Werth**    swerth@sulmeyerlaw.com, cblair@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;dperez@sulmeyerlaw.com;swerth@ecf.inforuptcy.com
- **Rebecca L Wilson**    rebecca.wilson@kutakrock.com, Kathy.powell@kutakrock.com; wendy.bonsall@kutakrock.com

☐ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 24, 2021 | Patricia Dillamar | /s/ Patricia Dillamar |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

PMD 2727962v1 9/24/2021 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**