DAVID L. NEALE (SBN 141225)
KRIKOR J. MESHEFEJIAN (255030)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: DLN@LNBYG.COM; KJM@LNBYG.COM

Counsel for Official Committee
of Unsecured Creditors

FILED & ENTERED

SEP 29 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY sumlin DEPUTY CLERK

NATHAN Q. RUGG (ARDC 6272969) (*pro hac vice*)
CONNOR T. GANTS (SBN 286426)
BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG LLP
200 West Madison Street
Suite 3900
Chicago, IL 60606
Telephone: (312) 984-3100; Facsimile: (312) 984-3150
Email: NATHAN.RUGG@BFKN.COM; CONNOR.GANTS@BFKN.COM

Counsel for Paramour Holdings, LLC

CHANGES MADE BY COURT

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>DANA HOLLISTER,<br><br>Debtor and Debtor in Possession. | Case No. 2:18-bk-12429-NB<br><br>Chapter 11<br><br>**ORDER CONFIRMING JOINT CHAPTER 11 PLAN (DATED APRIL 28, 2022)**<br><br><u>Plan Confirmation Hearing</u><br>DATE: September 20, 2022<br>TIME: 9:00 a.m.<br>PLACE: Courtroom "1545"<br>255 East Temple Street<br>Los Angeles, CA 90012 |

On June 14, 2022, at 2:00 p.m. (the "Preliminary Confirmation Hearing"), the Court held a preliminary hearing to consider the Joint Chapter 11 Plan (Dated April 28, 2022*)* ("Plan") (Doc 1675) filed by the Official Committee of Unsecured Creditors and Paramour Holdings, LLC (together, the "Plan Proponents"). Appearances were as noted on the Court's record. The Court read and considered: **(1)** the Plan; **(2)** the *Joint Disclosure Statement* (Doc 1676) describing the Plan; **(3)** *Proof Of Service Of Joint Plan; Joint Disclosure Statement; Order Approving Joint Disclosure Statement And Setting Deadlines With Respect To Plan Confirmation; Ballot* (Doc 1684); **(4)** the *Plan Supplement* (Doc 1692); **(5)** the *Memorandum of Points and Authorities In Support Of Confirmation of Joint Chapter 11 Plan (Dated April 28, 2022)* (Doc 1693); **(6)** the *Objection to Confirmation of Chapter 11 Plan* (Doc 1698) filed by UMB Bank, National Association, legal title trustee for LVS Title Trust 2018-1, as serviced by Specialized Loan Servicing LLC ("SLS"); **(7)** *Area One's Objection to Plan Confirmation* (Doc 1699) filed by Area One LLC ("Area One"); **(8)** *Anea Enterprises, LLC's Objection To Joint Chapter 11 Plan (Dated April 28, 2022) Proposed By The Official Committee Of Unsecured Creditors And Paramour Holdings, LLC* (Doc 1700) filed by Anea Enterprises, LLC ("Anea"); **(9)** *Select Portfolio Servicing, Inc.'s Objection To Joint Chapter 11 Plan (Dated April 28, 2022) Proposed By The Official Committee Of Unsecured Creditors And Paramour Holdings, LLC* (Doc 1701) filed by Select Portfolio Servicing, Inc. ("SPS"); **(10)** the *Objection To Confirmation Of Joint Chapter 11 Plan (Dated April 28, 2022) Proposed By The Official Committee Of Unsecured Creditors And Paramour Holdings, LLC* (Doc 1702) filed by BOBS LLC ("BOBS"); **(11)** the *Evidentiary Objections And Motion To Strike Exhibits Attached To Plan Supplement* (Doc 1703) filed by BOBS; **(12)** the *Plan Ballot Summary* (Doc 1704) filed by the Plan Proponents; **(13)** the *Plan Proponents' Omnibus Reply To Objections To Confirmation Of Joint Chapter 11 Plan (Dated April 28, 2022)* (Doc 1705); **(14)** the *Declaration Of Clark Lyda In Support Of Confirmation Of Joint Chapter 11 Plan (Dated April 28, 2022)* (Doc 1706); and **(15)** the *Declaration Of Nels Stemm In Support Of Confirmation Of Joint Chapter 11 Plan (Dated April 28, 2022)* (Doc 1707); **(16)** the arguments of counsel at the Preliminary Confirmation Hearing; and **(17)** the entire record in this case developed through

and including the Preliminary Confirmation Hearing (collectively, the "Preliminary Hearing Record"); on June 21, 2022, the Court entered the *Order Regarding (1) Court's Findings With Respect To Joint Chapter 11 Plan (Dated April 28, 2022); (2) Setting Further Hearing To Consider Remaining Unresolved Plan Confirmation Issues; and (3) Continuing Chapter 11 Case Status Conference* (the "Preliminary Confirmation Order") (Doc 1711), pursuant to which the Court:

1. Found, determined and ordered that, with the sole exception of the Reserved Issues (defined below), the Plan complied with all applicable provisions of the Bankruptcy Code necessary for Plan confirmation, and overruled all objections to confirmation of the Plan based upon matters not related to the Reserved Issues; and
2. Ordered that a continued hearing on confirmation of the Plan would be held solely for the Court to determine whether the Plan complied with sections 1129(a)(3), (8) and (11), and, if applicable, 1129(b)(2)(A) of the Bankruptcy Code, and whether there would be any adverse tax consequences arising by virtue of confirmation of the Plan that needed to be addressed as a condition to confirmation (the "Reserved Issues").

Under the Preliminary Confirmation Order, the Court held status hearings on the Plan on August 2, 2022 and September 7, 2022, and on September 19, 2022, the Court conducted an evidentiary hearing with respect to the Reserved Issues (the "Confirmation Hearing"). Appearances were made as noted on the Court's record. The Court having considered **(a)** the Preliminary Hearing Record; **(b)** the *Declaration of Nels Stemm in Support of Confirmation of Joint Chapter 11 Plan (Dated April 28, 2022)* (Doc 1754); **(c)** the *Plan Proponents' Supplemental Brief in Support of Confirmation of Joint Chapter 11 Plan (Dated April 28, 2022)*(Doc 1755); **(d)** the *Declaration of Clark Lyda in Support of Confirmation of Joint Chapter 11 Plan (Dated April 28, 2022)*(Doc 1817); **(e)** the *Declaration of Nels Stemm in Support of Confirmation of Joint Chapter 11 Plan (Dated April 28, 2022)* (Doc 1818); **(f)** the *Amended Submission Of Declaration Of Kermith Boffill, CPA, Regarding Tax Consequences Of Joint Chapter 11 Plan (Dated April 28, 2022)* (Doc 1820); **(g)** the *Objection to*

*Confirmation of Plan Supplemental Brief Filed by Respondent Select Portfolio Servicing, Inc.*(Doc 1823) (the "SPS Objection"); **(h)** the *Reply to Plan Proponents' Supplemental Brief in Support of Confirmation of Joint Chapter 11 Plan (Dated April 28, 2022) filed by Creditor BOBS, LLC* (Doc 1824) (the "BOBS Objection"); **(i)** the *Order Granting in part, Denying in part Motion For Summary Judgment* (Doc 47) entered in the adversary proceeding no. 2:21-ap-01173-NB (the "Order Reducing BOBS' Secured Claim"); **(j)** the *Judgment* (Doc 48) entered in the adversary proceeding no. 2:21-ap-01173-NB; **(k)** arguments of counsel and all evidence proffered or adduced and admitted at the Confirmation Hearing; and **(l)** the entire record in this case; the Court being familiar with the Plan, the Disclosure Statement and the relevant facts and circumstances concerning this chapter 11 case; the Court having taken judicial notice of the entire docket of this chapter 11 case and all pleadings and other documents filed, all orders entered, and evidence and arguments made, proffered, or adduced at the hearings held before the Court during this chapter 11 case; the Court having found that due and proper notice has been given with respect to the Confirmation Hearing and the deadlines and procedures for voting on the Plan and asserting objections to the Plan; all objections to the Plan having been decided including the SPS Objection and the BOBS Objection; and after due deliberation thereon, and sufficient cause appearing therefor; and, after considering the evidence submitted by the parties and the arguments and representations made by counsel on the record at the hearing, and sufficient cause appearing therefor, and based on this Court's findings of fact and conclusions of law set forth orally on the record pursuant to Rule 52(a)(1) (Fed. R. Civ. P., incorporated by Rules 7052 and 9014(c), Fed. R. Bankr. P.), as supplemented or modified by this written order,

THE COURT HEREBY FINDS AND DETERMINES THAT:

A. Defined Terms. Capitalized terms not otherwise defined herein have the same meaning ascribed to such terms in the Plan.

B. Core Proceeding (28 U.S.C. §157(b)(2)). Confirmation of the Plan is a core proceeding under 28 U.S.C. §157(b)(2), and this Court has exclusive jurisdiction to determine

whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

C. Notice. As evidenced by the proofs of service filed in the chapter 11 case, due, adequate and sufficient notice of the Disclosure Statement, the Plan, the Preliminary Confirmation Hearing, and the Confirmation Hearing, together with all deadlines for objecting to the Plan, have been provided as required by the Court's orders and in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules for the Central District of California.

D. Solicitation. Votes for acceptance and rejection of the Plan were solicited in compliance with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, the Court's order approving the Disclosure Statement, and all applicable provisions of the Bankruptcy Code, and all other applicable rules, laws and regulations. Based on the record before the Court, the Plan Proponents have acted in good faith in the solicitation of votes and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

E. Distribution. All procedures used to distribute the solicitation materials to the holders of claims entitled to vote on the Plan and to tabulate the ballots were fair and conducted in substantial compliance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules for the Central District of California and all other applicable rules, laws and regulations.

F. Burden of Proof. The Plan Proponents, as the proponents of the Plan, have met their burden of proving all of the elements of section 1129(a) of the Bankruptcy Code, as applicable, for confirmation of the Plan.

G. Compliance with Bankruptcy Code §§1129(a)(1), (2), (4), (5), (6), (7), (9), (10), (12), (13), (14), (15) and (16)). As set forth in the Preliminary Confirmation Order, the Plan complies with sections 1129(a)(1), (2), (4), (5), (6), (7), (9), (10), (12), (13), (14), (15) and (16) of the Bankruptcy Code, if and as applicable.

H. Classification of Claims (§§1122-1123(a)(1)). The Plan designates twelve classes of claims and no class of interests as Debtor is an individual. The claims placed in each

class are substantially similar to other claims, as the case may be, in each such class, and such classification is therefore consistent with section 1122 of the Bankruptcy Code. Valid business and legal reasons exist for the various classes of claims created under the Plan, and such classes do not unfairly discriminate between holders of claims. Thus, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

I. Specified Treatment of Impaired Classes (§§1123(a)(2) and (a)(3)). The Plan specifies that classes 1 through 11 are unimpaired, and only class 12 is impaired. The Plan specifies the treatment of each of those classes thereby satisfying section 1123(a)(2) and (a)(3) of the Bankruptcy Code.

J. Additional Plan Provisions (§1123(b)). In accordance with section 1123(b)(6) of the Bankruptcy Code, the Plan does not include any provision inconsistent with the applicable provisions of the Bankruptcy Code. The provisions of the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code including, without limitation, provisions for (a) certain classes of claims to be unimpaired; (b) distribution to creditors; (c) the release and exculpation of various persons, and permanent injunctions prohibiting certain actions against the Plan Proponents, Debtor and/or Reorganized Debtor, (d) the rejection or assumption of certain executory contracts and expired leases, (e) modification of the rights of holders of secured claims and holders of unsecured claims, and (f) the retention of and vesting of rights by the Plan Proponents, Debtor and/or Reorganized Debtor to enforce, sue on, settle or compromise (or refuse to do any of the foregoing with respect to) certain claims or causes of action against third parties, to the extent not waived or released under the Plan.

K. Federal Rule of Bankruptcy Procedure 3016(a). The Plan is dated and identifies the entity submitting it, thereby satisfying Federal Rule of Bankruptcy Procedure 3016(a).

L. Plan Proposed in Good Faith (§1129(a)(3)). The Plan has been proposed by the Plan Proponents in good faith and in the belief that the Plan will maximize value for Debtor's creditors. The Plan accomplishes the goals promoted by section 1129(a)(3) of the Bankruptcy Code. The Plan has been proposed with the legitimate purpose of reorganizing the financial affairs of Debtor maximizing the value of the estate to achieve the best interests of Debtor's

creditors.

M. Acceptance by All Classes of Claims (§1129(a)(8)). Each class of claims has accepted the Plan or is not impaired under the Plan.

N. Feasibility (§1129(a)(11)). Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of Reorganized Debtor, thereby satisfying section 1129(a)(11) of the Bankruptcy Code.

O. Principal Purpose of the Plan (§1129(d)). The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, and no governmental unit has objected to the confirmation of the Plan on any grounds.

P. Good Faith Solicitation (§1125(e)). Solicitation of acceptances of the Plan has been in good faith and in compliance with the applicable provisions of the Bankruptcy Code.

Q. No Other Plan (§1129(c)). The Plan is the only plan of reorganization confirmed by this Court in Debtor's chapter 11 case.

R. Plan Modifications (§1127(b)). The Plan Proponents have proposed non-material, preconfirmation adjustments to the Plan, namely an adjustment to the composition of the Settlement Funds (the proposed adjustments are "non-material" in the sense that they do not require re-balloting, as set forth later in this paragraph). The first-lien debt financing shall be in the face amount of $20,500,000 (with net proceeds of approximately $16,770,000) and the Equity Contribution shall be approximately $16,150,000, which amounts shall collectively comprise the Settlement Funds. The Cash Collateral contributed by Debtor shall be approximately $750,000, and the Plan Funds shall total approximately $33,670,000. Such adjustments meet the requirements of sections 1122 and 1123 of the Bankruptcy Code, are consistent with Bankruptcy Rule 3019, are not material, do not adversely affect any class of creditors under the Plan, and therefore do not require additional notice or re-solicitation of the Plan under sections 1125 and 1127 of the Bankruptcy Code. The adjustments to the Plan presented to the Court or ordered by the Court at the Confirmation Hearing, are appropriate and are approved and ordered by the Court (as applicable) and made a part of the confirmed Plan.

S. § 1129(b) Not Applicable. Since the only impaired class of creditors has voted to accept the Plan, and based upon the Court's findings on the record, the "cram down" provisions of section 1129(b) are not applicable.

T. No Basis for Stay. The Court does not believe that there is any basis to stay this Order or the effectiveness of the Plan or this Order under Bankruptcy Rule 3020(e). The chapter 11 case has been pending for more than four years and equities dictate that holders of Allowed claims should start receiving payments on their Allowed claims as soon as possible. Nothing herein constitutes a ruling with respect to any motion for a stay pending any appeal taken from this Order, and all parties reserve their rights in that regard.

NOW THEREFORE, it is hereby ORDERED, ADJUDGED and DECREED that:

1. Plan Confirmation. The Plan, as modified by the terms of this Order, is hereby confirmed in its entirety pursuant to section 1129 of the Bankruptcy Code and all of the terms of the Plan are herein incorporated by reference.

2. Effective Date. The Effective Date of the Plan will be the first business day which is at least fifteen calendar days following the date of entry of this Order when and provided that all of the following conditions to the effectiveness of the Plan have been satisfied or waived by both of the Plan Proponents: (a) there shall not be any stay in effect with respect to this Order; (b) this Order shall not be subject to any timely appeal or rehearing; (c) the Plan and all documents, instruments and agreements to be executed in connection with this Plan have been executed and delivered by all parties to such documents, instruments and agreements; (d) all Allowed secured claims held by creditor classes 1 through 10 shall be paid at a real estate closing, to be held through a title company selected by Paramour (the "Title Company") in its sole discretion (the "Real Estate Closing"); (e) as part of the Real Estate Closing, all Property and personal property to be transferred pursuant to the Plan shall be transferred free and clear of all interests, liens, claims, and encumbrances to the Paramour affiliates as set forth in the Plan; (f) all of the net Settlement Funds necessary to satisfy the Plan obligations to administrative creditors, priority creditors, and creditor class 12 have been transferred by Paramour to the Plan Funds Trust Account established by LNBYG; (g) all

amounts required to be held as part of a "Disputed Claim Reserve" (as defined below) shall be transferred to a "Reserve Funds Account" (as defined below) established by the Title Company or LNBYG; and (h) all of the Cash Collateral has been transferred by Debtor to the Plan Funds Trust Account.

3. Payoff Amounts and Conveyance Documents. All creditors in classes 1 through 10 shall provide to Paramour within three business days after entry of this Order a payoff statement with respect to its respective secured claim in a form required by the Title Company (a "Payoff Statement"), including a statement of any interest accruing on a per diem basis, and shall execute and deliver to Paramour all documents and lien releases (e.g. Substitution of Trustee and Full Reconveyance) reasonably necessary to effectuate the transfer of the respective Property in accordance with the terms of the Plan. Such documents and lien releases shall be held in escrow by the Title Company subject to the Real Estate Closing. Notwithstanding the foregoing, as an alternative to delivering such documents and lien releases to Paramour, SPS and BOBS may comply with that provision by providing a reconveyance after payoff of its loan consistent with the requirements and timelines set forth in Civil Code section 2941.

4. Treatment of SPS Secured Claim. SPS's claim will be paid pursuant to an official payoff statement delivered to the Title Company by SPS and in accordance with the terms of the payoff statement. The deed of trust securing SPS's claim (the "SPS Deed of Trust") will be reconveyed only after full payment is received pursuant to that payoff statement. The payoff statement will take into account any court orders that reduce the amount of the claim. The SPS claim will continue to accrue interest, advances and any other charges permitted under the SPS Deed of Trust until the loan is paid in full.

5. Treatment of BOBS Secured Claim. BOBS' secured claim will be paid pursuant to an official payoff statement delivered to the Title Company by BOBS and in accordance with the terms of the payoff statement and this Order. Any deed of trust securing BOBS' secured claim (the "BOBS Deed of Trust") shall be deemed reconveyed after full payment is received pursuant to a payoff statement that complies with this Order. The payoff

statement shall take into account any court orders that reduce the amount of the claim, provided that (a) BOBS may, to preserve whatever rights it may have to contest any such orders, submit a bifurcated payoff statement that separately states not only (i) the dollar amounts under its Claim No. 33 that have not been reduced by any court orders (the "Undisputed BOBS' Secured Claim") but also (ii) any dollar amounts that BOBS asserts are part of its secured claim but that have been disallowed by an order of this Court, including but not limited to the Order Reducing BOBS' Secured Claim, under which this Court ruled that Claim No. 32 is an unsecured rather than a secured claim; and in the event that BOBS elects to submit such bifurcated payoff statement then (b) the Title Company is requested and authorized, pursuant to the Plan and this Order, to disburse to BOBS only the dollar amount of the Undisputed BOBS' Secured Claim. BOBS' secured claim will continue to accrue interest, advances and any other charges permitted under Claim No. 33 until BOBS' secured claim is paid as set forth in this Order. ~~BOBS is prohibited from submitting a payoff statement that includes the principal, attorneys' fees, costs and other amounts set forth in its Claim No. 32 filed in the chapter 11 case. Bobs shall remit a payoff statement with respect to its Claim No. 33 filed in the chapter 11 case, only.~~

6. Disputed Claim Reserve. The Title Company, or LNBYG as Disbursing Agent, shall use a segregated interest bearing account ("Reserve Funds Account") for a reserve and potential distribution for any portion of a Payoff Statement or any unsecured claim that is subject to an objection asserted by either of the Plan Proponents (the "Disputed Claim Reserve"), which disputed amounts shall not be part of an Allowed claim until resolved as provided herein. Any amounts subject to objection shall not be disbursed at the Real Estate Closing or paid as provided for under the Plan, and will be fully reserved as part of the Disputed Claim Reserve. With respect to any amount that is subject to the Disputed Claim Reserve, the Plan Proponents and the applicable creditor may settle the disputed amount by agreement and without further order of the Court, or may seek a ruling from the Court to the extent no agreement is reached. Upon resolution, the Allowed amount of the claim shall be disbursed by LNBYG from the Reserve Funds Account. After resolution of all amounts subject

to the Disputed Claim Reserve, any remaining balance in the Reserved Funds Account shall be remitted to Paramour or its designee.

7. Disputed Claim Reserve for BOBS' Claim Nos. 32 and 33. Paramour shall initially provide $2,000,000 of the Settlement Funds to the Reserved Funds Account, specifically earmarked for potential distribution for Claim No. 32 and potential distribution for any disputed amounts with respect to Claim No. 33, provided that such reserved amount shall be reduced from $2,000,000 to $315,000 pursuant to the terms and conditions set forth in that certain *Scheduling Order* entered in Adversary Proceeding No. 2:21-ap-01173-NB, and the remaining $1,685,000 shall be returned to Paramour or its designee. ~~If~~ As adequate protection for the possibility that (contrary to this Court's Order Reducing BOBS' Secured Claim) Claim No. 32 ~~is~~ could ultimately ~~found~~ be determined to be an Allowed secured claim, the reserve created for BOBS pursuant to this paragraph shall constitute adequate protection of such claim and, if Claim No. 32 is in fact ultimately determined by final order to be an Allowed secured claim, then the unpaid balance of that Allowed claim shall be immediately paid to BOBS out of the funds remaining in the Reserved Funds Account, without further hearings.

8. Disbursing Agent. LNBYG will serve as the Disbursing Agent under the terms and conditions set forth in the Plan.

9. Objections. Any and all objections to confirmation of the Plan, including but not limited to those asserted by SPS and BOBS, are hereby overruled, withdrawn, waived, settled or previously addressed in the Preliminary Confirmation Order in their entirety. To the extent that any other objection or pleading filed by any party that constitutes an objection to confirmation of the Plan has not been withdrawn, waived, settled, or previously addressed in the Preliminary Confirmation Order, such objection is hereby overruled in its entirety.

10. Reorganized Debtor. Debtor following the Effective Date shall be referred to as "Reorganized Debtor."

11. Implementation. The Plan Proponents, Debtor and Reorganized Debtor, as the case may be, are authorized to take all actions necessary, appropriate or desirable to implement the Plan and all of its terms.

12. Treatment of Allowed Claims and Distributions to Claimholders. All Allowed claims against Debtor shall be treated in the manner set forth in the Plan.

13. Binding Effect. The provisions of the Plan and this Order are hereby binding on each holder of a claim and holder of an interest against Debtor and any other party in interest in Debtor's chapter 11 case, whether or not the claim or interest of such party is Allowed or disallowed, whether or not the claim or interest of such party is impaired under the Plan, whether the claim arose pre-petition or is an administrative post-petition claim, and whether or not such party has filed, or is deemed to have filed, a proof of claim or interest or has accepted, or is deemed to have accepted, or rejected the Plan.

14. Executory Contracts and Unexpired Leases. As of the Effective Date, without further action by Debtor or this Court, all unexpired leases and executory contracts of Debtor which had previously been assumed by Debtor, if any, shall be deemed assumed by Reorganized Debtor. Also, without further action by Debtor or this Court, all unexpired leases and executory contracts of Debtor which have not previously been assumed by Debtor shall be deemed rejected on the Effective Date. The bar date for filing a proof of claim based on a claim arising from the rejection of an unexpired lease or executory contract which is rejected on the Effective Date will be thirty days after the Effective Date. Any claim based on the rejection of an unexpired lease or executory contract will be barred if the proof of claim is not timely filed.

15. Discharge. The Debtor will receive a discharge upon the terms and conditions of the Plan pursuant to and in accordance with the provisions of section 1141 of the Bankruptcy Code.

16. Property Transferred Free and Clear of Interests. Pursuant to section 1141(c) of the Bankruptcy Code, all property dealt with by the Plan, including without limitation, the Property and the property transferred by Debtor under the Plan, is free and clear of all liens, encumbrances, claims and interests of creditors, equity security holders, and of general partners in Debtor.

17. Injunction. This Order hereby enjoins the prosecution, whether directly,

derivatively or otherwise, of any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, liability or interest released, discharged or terminated pursuant to the Plan. Except as provided in the Plan or this Order, as of the Effective Date, all entities that have held, currently hold or may hold a claim or other debt or liability that is discharged or an interest or other right of a creditor or equity security holder that is extinguished pursuant to the terms of the Plan are permanently enjoined from taking any of the following actions against Debtor, the estate, or any property of the estate, including any property of the estate transferred pursuant to the Plan, on account of any such discharged claims, debts or liabilities or extinguished interests or rights: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (iii) creating, perfecting or enforcing any lien or encumbrance; (iv) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to Debtor; and (v) commencing or continuing any action in any manner, in any place, that does not comply with or is inconsistent with the provisions of the Plan.

18. Exculpations and Releases. To the maximum extent permitted by law, neither the Plan Proponents, Debtor, nor any of their employees, officers, directors, shareholders, agents, members, representatives, or professionals employed or retained by any of them, shall have or incur any liability to any person or entity for any act taken or omission made in good faith in connection with or related to the formulation and implementation of the Plan or any contract, instrument, release, or other agreement or document created in connection therewith, the solicitation of acceptances for or confirmation of the Plan, or the consummation and implementation of the Plan and the transactions contemplated therein, with the exception of any gross negligence or willful misconduct with respect to (1) distributions that are to be made under the Plan, and (2) any act or omission occurring after the effective date of the Plan.

19. Dismissal of Nondischargeability Action. Adversary Case 2:18-ap-01203-NB, *The Bird Nest, LLC et al v. Hollister* is hereby dismissed with prejudice. To the extent necessary, the plaintiff in that adversary proceeding shall be responsible for preparing and

filing any stipulation or order dismissing the case with prejudice.

20. Retained Jurisdiction. This Court shall retain all authority and jurisdiction as provided under the Bankruptcy Code and other applicable law and the Plan to enforce the provisions, purposes and intent of the Plan or any modification thereof, and the terms and provisions of ~~the~~ this Order. This Court shall also retain jurisdiction for the purposes expressly set forth in the Plan, Section IV, I. (Retention of Jurisdiction).

21. Limitation of Liability. The Plan Proponents, Debtor and Reorganized Debtor shall have all of the benefits and protections afforded under section 1125(e) of the Bankruptcy Code and applicable law.

22. Recordable Form. This Order is hereby declared to be in recordable form, and this Order or a certified copy thereof shall be accepted by any recording officer for filing and recording purposes without further or additional orders, certifications or supporting documents.

23. Confirmation Hearing, Findings and Conclusions. Any subsidiary findings and conclusions of the Court dictated into the record at the Confirmation Hearing are incorporated herein by reference. For completeness of the record, and because references may have been made during the hearing to this Court's tentative rulings, a ~~A~~ copy of the Court's tentative ruling dated September 19, 2022 is attached hereto as Exhibit A.

24. Post-Confirmation Modifications to the Plan. The Plan Proponents may seek to modify the Plan at any time after confirmation of the Plan so long as (1) the Plan has not been substantially consummated, and (2) this Court authorizes the proposed modifications after notice and a hearing.

25. Actions Restrained. Creditors, interest holders and other parties in interest may not take any action to enforce preconfirmation obligations, or any obligations due under this Plan, so long as Debtor and the Plan Proponents are not in "Material Default" under this Plan (as defined below). If a Material Default occurs, then any party in interest may: (a) if the case is not pending, take any action permitted under nonbankruptcy law either (1) to enforce the terms of this Plan as a contract of Debtor or (2) to pursue nonbankruptcy remedies including collection of the entire nondischarged dollar amount of any claim held by such person, or (b) if

this case is still pending, move to dismiss this case or to convert this case to one under chapter 7, or seek other relief from the Bankruptcy Court. If this case is converted to chapter 7 prior to the occurrence of the Effective Date, then the Property and personal property to be contributed by Debtor under the Plan will revest in the chapter 7 estate as provided in paragraph 27 below, and the automatic stay will be reimposed upon the revested property only to the extent that relief from stay was not previously granted by the Bankruptcy Court during this case.

26. Material Default Defined. If (a) Debtor or Plan Proponents (1) fail to make any payment when required under this Plan, or (2) fail to perform any other obligation required under this Plan for more than 14 days after the time specified in this Plan, or (3) perform any act that is inconsistent with the terms of this Plan, or (b) the Effective Date does not occur on or before October 31, 2022, then any affected creditor, interest holder, or other party in interest may file and serve upon Plan Proponents through the attorneys of record a written notice of default. A Material Default under this Plan shall occur if Plan Proponents fail within 21 days after service of that notice of default, plus an additional 3 days if served by mail, either to cure the default or obtain from the court an extension of time to cure the default or a determination that no Material Default occurred.

27. Pursuant to Local Bankruptcy Rule 3020-1(e), if this case is converted to one under Chapter 7, the property of the reorganized debtor, or of any liquidation or litigation trust, or of any other successor to the estate under the Plan, that has not been distributed under the Plan shall be vested in the Chapter 7 estate, except for property that would have been excluded from the estate if this case had always been one under Chapter 7.

//

//

28. Post-confirmation Status Reports and Status Conference. The Court will hold a post-confirmation status conference in this case on October 25, 2022 at 2:00 p.m. The Plan Proponents shall file a status report with the Court explaining what progress has been made toward consummation of the confirmed Plan together with a declaration in support of such a status report by October 18, 2022. The status report must comply with the provisions of Local Bankruptcy Rule 3020-1(b).

**IT IS SO ORDERED.**

# # #

Date: September 29, 2022

Neil W. Bason
United States Bankruptcy Judge

# EXHIBIT "A"

# United States Bankruptcy Court
# Central District of California
### Los Angeles
### Neil Bason, Presiding
### Courtroom 1545 Calendar

**Monday, September 19, 2022** **Hearing Room 1545**

9:00 AM
**2:18-12429 Dana Hollister** **Chapter 11**

**#1.00** Evidentiary hrg re: Reserved issues

Docket 1759

**Tentative Ruling:**

**Tentative Ruling for 9/19/22:**
Please see the tentative ruling for the status conference (Calendar No. 3, 9/19/22 at 9:00 a.m.).

**[PRIOR TENTATIVE RULING(S) OMITTED]**

**Party Information**

**Debtor(s):**

| | |
|---|---|
| Dana Hollister | Represented By<br>David A Tilem<br>Mark A Kressel<br>Alan M Insul |

# United States Bankruptcy Court
# Central District of California
## Los Angeles
## Neil Bason, Presiding
## Courtroom 1545 Calendar

**Monday, September 19, 2022** **Hearing Room 1545**

9:00 AM

**2:18-12429 Dana Hollister** **Chapter 11**

**#2.00** Cont'd hrg re: Chapter 11 Plan Confirmation
fr. 4/26/22, 6/14/22, 8/2/22, 9/7/22

Docket 1657

**Tentative Ruling:**

**Tentative Ruling for 9/19/22:**
Please see the tentative ruling for the status conference (Calendar No. 3, 9/19/22 at 9:00 a.m.).

**[PRIOR TENTATIVE RULING(S) OMITTED]**

**Party Information**

**Debtor(s):**

Dana Hollister

Represented By
David A Tilem
Mark A Kressel
Alan M Insul

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

**Monday, September 19, 2022** **Hearing Room 1545**

9:00 AM
**2:18-12429 Dana Hollister** **Chapter 11**

**#3.00** Cont'd Status Conference re: Chapter 11 Case
fr. 3/9/18, 3/20/18, 3/21/18, 4/17/18, 5/3/18, 5/7/18,
6/12/18, 6/22/18, 7/16/18, 8/3/18, 9/4/18, 11/6/18,
01/15/19, 1/29/19, 2/26/19, 3/26/19, 4/16/19;
04/29/19, 05/21/19, 5/28/19, 6/18/19, 7/2/19; 08/06/19,
10/15/19, 11/12/19, 11/21/19, 01/14/20, 3/3/20, 3/10/20,
04/07/20, 5/19/20, 6/16/20, 6/30/20, 7/14/20, 7/28/20,
8/4/20, 09/15/20, 10/27/20, 12/08/20, 1/21/21, 02/25/21,
3/23/21, 4/27/21, 6/1/21, 6/15/21, 7/8/21, 7/20/21, 8/18/21,
3/15/22, 8/19/21, 9/9/21, 9/28/21, 10/12/21 10/26/21, 11/9/21,
12/14/21, 1/25/22, 2/15/22, 2/17/22, 2/24/22, 3/15/22, 3/29/22,
4/26/22, 5/31/22, 6/14/22, 7/26/22, 8/2/22, 8/9/22, 9/7/22

Docket 1

**Tentative Ruling:**

**Tentative Ruling for 9/7/22:**
Appearances required.

(1) Current issues

(a) Plan (dkt. 1683); Proponents' brief (dkt. 1755); supporting declarations (*e.g.,* dkt. 1754, 1817, 1818, 1820), Objections (dkt. 1823, 1824) (*and see* Orders dkt. 1711, 1759, 1826)

Based on statements at the hearing on 9/7/22, this Court anticipates that the the parties will address:

(i) as to all secured claims, the dollar amounts of the latest payoff demands, with estimated updates through the anticipated closing date;

(ii) whether those dollar amounts will be paid in full at closing, or if instead some portion will be held in a disputed claims reserve (and, if the latter, what the terms of any such reserve will be, including whether it will be held in a separate trust account, and whether the reserved dollar amount will be sufficient for purposes of adequate protection, present value, or any other relevant purpose);

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**



(iii) the feasibility of the proposed transaction (including whether sufficient equity contributions are now available, whether loan documents have been executed, and the anticipated closing schedule);
(iv) whether to include in any confirmation order additional provisions regarding any defaults under the Plan; and
(v) whether the Disclosure Statement miscalculated the potential dividend to nonpriority unsecured creditors and whether, for that reason or any other, re-balloting is required with a new Disclosure Statement; and whether Bobs LLC ("Bobs") has standing to object on this basis.
[*See* Specialized Obj. (dkt. 1823), *passim*; Bobs Obj. (dkt. 1824), pp. 3:20-5:16 (default provisions), pp. 10:20-11:2 (evidence of equity funding); pp. 12:19-13:27 (feasibility calculations); *and* pp. 16:1-19:10 (dividend to nonpriority unsecured creditors).]

As stated in the tentative ruling for 9/7/22:

The tentative ruling is that the sole remaining legal issues are as follows. *See* Order (dkt. 1711), pp. 3:24-4:3. First, Movants (as Plan Proponents) bear the burden to satisfy 11 U.S.C. 1129(a)(3) (good faith), (8) (whether all impaired classes voted for plan, or are deemed to have voted for it because they are unimpaired under 11 U.S.C. 1126(f)), and (11) (feasibility), including whether the risks of any tax consequences of the transactions contemplated in the plan will make it unlikely that those transactions will close, or (to the extent relevant) whether any future tax consequences make future liquidation or further financial reorganization likely (which might be relevant to the extent that any disputed claims reserve needs to be funded and maintained in a sufficient dollar amount).

Second, if the Plan cannot be confirmed based on deemed consent, the Movants/Plan Proponents will bear the burden to meet the "fair and equitable" test for "cramdown" with respect to Bobs' class of secured claims under 11 U.S.C. 1129(b)(2)(A) (treatment of secured claims). As this Court understands the situation, any unsecured claims of Bobs would be classified with other unsecured claims, and have been out-voted (per 11 U.S.C. 1126(c)), so it will not be necessary to determine any issues under 1129(b)(2)(B)(ii) (absolute priority rule), including whether to apply the "new value

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

**Monday, September 19, 2022** **Hearing Room 1545**

9:00 AM
**CONT...** **Dana Hollister** **Chapter 11**

corollary" (aka new value exception).

... In broad terms, this Court understands that the filed declarations allege that investments by Paramour Holdings, LLC and its affiliates in this proposed transaction include (A) purchase of claims in the face amount of $3.6 million (from the creditors who were parties to the Term Sheet, per the transfer notice filed 2/3/22, dkt. 1579), which will not have to be paid (so as to make the Plan feasible), and (B) a contemplated investment of approximately $16,150,000.00 of equity for what will amount to a 50% interest in the property that will be encumbered by debt of approximately $20,500.00. *See* Lyda Decl. (dkt. 1818), p. 2:26 & Ex. A ($20,500,000.00 loan commitment), p. 3:4-5 & Ex. B (corporate structure), *and* p. 3:8-13 & Ex. C (proposed distributions to creditors). The tax issue appears to be whether the transaction can be structured such that it will avoid triggering any deemed "sale" that would result in capital gains tax. *See* Boffill Decl. (dkt. 1820), pp. 2:22-3:19.

*If* this Court is persuaded to confirm the Plan, the form of order should be as follows.

Proposed confirmation order: Unless otherwise ordered, the Plan Proponents are directed to lodge a proposed order confirming the Plan, which must (i) include the language required by LBR 3020-1(e) and (ii) set a post-confirmation status conference for the date set forth below (in part "(2)" of this tentative ruling). The proposed order must be lodged via LOU within 7 days after the hearing date (per LBR 9021-1(b)(1)(B)), and the Proponents are directed to attach a copy of this tentative ruling to the order, thereby incorporating it as this Court's actual ruling.

(b) Status Conference, Creditors Committee and Paramour Holdings, LLC ("Plaintiffs") v. Bobs LLC ("Bobs") (Adv. No. 2:21-ap-01173-NB)

Continue to the same date as the continued status conference in the bankruptcy case in chief, for any post-judgment matters (see part "(2)" of this tentative ruling, below).

(c) Status conference, Bird Nest v. Hollister (Adv. No. 2:18-ap-01203-NB)

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

**Monday, September 19, 2022** **Hearing Room 1545**

9:00 AM
**CONT...** **Dana Hollister** **Chapter 11**

Continue to the same date as the continued status conference in the bankruptcy case in chief (see part "(2)" of this tenative ruling, below).

(2) Deadlines/dates. This case was filed on 3/6/18.
(a) Bar date: 8/24/18 (dkt. 367, timely served per dkt. 383)
(b) Plan/Disclosure Statement: *See* above.
(c) Continued status conference: 10/11/22 at 2:00 p.m., status report due 10/5/22.
(d) Limited Notice: A "Core Service List" has been established (see dkt.97, p.3:4-17, dkt.195), as modified by any updates (contact Debtor for latest list).

If you are making an appearance, note that hearings are now simultaneously (1) in person in the courtroom, (2) via ZoomGov video, and (3) via ZoomGov telephone. For ZoomGov instructions for all matters on calendar, please see page 1 of the posted tentative rulings.

**[PRIOR TENTATIVE RULINGS OMITTED (for principal issues, see dkt. 238, 239, 528, 547, 557, 1330, 1382-83, 1410, 1497, 1503, 1533, 1569, 1581, 1625, 1675, 1683, 1711)]**

**Party Information**

**Debtor(s):**

| | |
|---|---|
| Dana Hollister | Represented By<br>David A Tilem<br>Mark A Kressel<br>Alan M Insul |

# United States Bankruptcy Court
# Central District of California
## Los Angeles
## Neil Bason, Presiding
## Courtroom 1545 Calendar

**Monday, September 19, 2022** **Hearing Room 1545**

9:00 AM
**2:18-12429 Dana Hollister** **Chapter 11**
Adv#: 2:21-01173 Hollister v. BOBS LLC

**#4.00** Cont'd Status Conference re: Complaint for Declaratory Relief Allowing Claim 32 Filed by BOBS LLC as an Unsecured Claim in the Amount of $1 Million
fr. 10/26/21, 1/18/22, 4/12/22, 4/26/22, 5/31/22, 6/14/22, 7/26/22, 9/7/22

Docket 1

**Tentative Ruling:**

**Tentative Ruling for 9/19/22:**
Please see the tentative ruling for the status conference (Calendar No. 3, 9/19/22 at 9:00 a.m.).

**[PRIOR TENTATIVE RULING(S) OMITTED]**

**Party Information**

**Debtor(s):**

| | |
|---|---|
| Dana Hollister | Represented By<br>David A Tilem<br>Mark A Kressel<br>Alan M Insul |

**Defendant(s):**

| | |
|---|---|
| BOBS LLC | Pro Se |

**Plaintiff(s):**

| | |
|---|---|
| Dana Hollister | Represented By<br>David A Tilem |

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

**Monday, September 19, 2022** **Hearing Room 1545**

9:00 AM
**2:18-12429 Dana Hollister** **Chapter 11**
Adv#: 2:18-01203 The Bird Nest, LLC et al v. Hollister

**#5.00** Cont'd Status Conference re: Complaint to Determine Non-Dischargeability of Debt
fr. 8/14/18, 12/18/18, 6/4/19, 11/26/19, 12/10/19, 6/16/20, 12/08/20, 1/21/21, 6/15/21, 7/8/21, 10/26/21, 3/15/22, 3/29/22, 4/26/22, 5/31/22, 6/14/22, 8/2/22, 9/7/22

Docket 1

**Tentative Ruling:**

**Tentative Ruling for 9/19/22:**
Please see the tentative ruling for the status conference (Calendar No. 3, 9/19/22 at 9:00 a.m.).

**[PRIOR TENTATIVE RULING(S) OMITTED]**

**Party Information**

**Debtor(s):**

| | |
|---|---|
| Dana Hollister | Represented By<br>David A Tilem<br>Mark A Kressel<br>Alan M Insul |

**Defendant(s):**

| | |
|---|---|
| Dana Hollister | Represented By<br>David A Tilem |

**Plaintiff(s):**

| | |
|---|---|
| The Bird Nest, LLC | Represented By<br>Howard Steinberg |
| Roman Catholic Archbishop of Los | Represented By<br>Howard Steinberg |

# United States Bankruptcy Court
# Central District of California
## Los Angeles
## Neil Bason, Presiding
## Courtroom 1545 Calendar

**Monday, September 19, 2022** **Hearing Room 1545**

9:00 AM

**CONT...** **Dana Hollister** **Chapter 11**

The California Institute of the Sisters Represented By
Howard Steinberg